Nowles v. The Board of Commissioners of Jasper County.

No. 10,261.

## NOWLES v. THE BOARD OF COMMISSIONERS OF JASPER COUNTY.

COUNTY AUDITOR.—*Fees and Salaries.*—*Statute Construed.*—A county auditor can not recover from the county for services rendered since the act of March 31st, 1879 (Acts 1879, p. 130), took effect, in apportioning among the various funds allowances made to former county treasurers for collecting delinquent taxes. The salary allowed in such act must compensate for such services.

From the Jasper Circuit Court.

*S. P. Thompson,* for appellant.

*R. S. Dwiggins, Z. Dwiggins* and *W. B. Austin,* for appellee.

BEST, C.—On the 6th day of September, 1881, the board of commissioners of Jasper county allowed C. W. Henke, a former treasurer, $418.26 for collecting delinquent taxes for the year 1872, and allowed D. C. Janes, a former treasurer, $329.84 for collecting the delinquent taxes for the years 1873 and 1874. At the same time, the board ordered the auditor to deduct these allowances from the settlement sheet of 1881, and to apportion them among the various funds, so as to deduct from each such portion as would have been deducted had the allowance been made at the time the services were rendered. The appellant was auditor, and rendered the services in accordance with the order. These services were worth $75, and this action is brought to recover such sum.

The court found against the appellant, and we think the county is not liable for these services. They were rendered after the act of March 31st, 1879, went into force, and the right to recover them depends upon the provisions of that act. The 22d section provides that the auditor shall be allowed the sum of $1,200 per year for his services, and no more, except as provided for in this act. The act provides that the auditor shall receive an addition to his salary in case the inhabitants exceed a specified number ; that he shall receive $100 for all reports made to the auditor of State ; that he shall receive

specified fees for certain services and for matters litigated before the board of commissioners, but it makes no provision for the payment of such services as are the basis of this claim. In addition to this the 39th section provides, that "The board of county commissioners shall, unless in cases of indispensable public necessity, to be found and entered of record as part of their orders, make no allowance not specifically required by law to any county auditor," and makes a violation of this provision a misdemeanor. These services were not found to be, nor were they in fact, such services as are contemplated by the above section, and as their payment is not specifically required it follows that the payment is prohibited, and that no recovery can be had for them. These services must be deemed a part of the services for which the salary is allowed, and that sum must compensate the appellant. For these reasons, we think the action can not be maintained, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.