No. 10,342.

DONALDSON v. THE BOARD OF COMMISSIONERS OF WABASH COUNTY.

COUNTY TREASURER. —Compensation. —Fees and Salaries. — No other or greater compensation can be allowed a county treasurer, under the fee and salary acts of 1875 and 1879, than therein specified. Acts 1875, Spec. Sess., p. 31; R. S. 1881, sections 5927 and 5928.

Donaldson *v.* The Board of Commissioners of Wabash County.

From the Wabash Circuit Court.

*A. Taylor,* for appellant.

*W. G. Sayre,* for appellee.

ELLIOTT, J.—Appellant was treasurer of Wabash county from September, 1875, until September, 1879, and, by his complaint, claims compensation for services rendered, and for which, as he alleges, no compensation was specifically provided by law.

We dispose of the proposition that the treasurer was entitled to compensation for the services sued for under the act of 1873, by pointing to the provisions of the act of 1875 by which the former act is declared, in unusually strong terms, to be repealed.   Acts 1875, Spec. Sess., p. 50.

The fee and salary acts of 1875 and 1879 provide that the treasurer shall receive a designated salary, and, in addition, a certain per centum for collecting taxes, and a mileage for going to and returning from Indianapolis to make settlement with the State treasurer, and these provisions measure his compensation.   There is nothing in the acts of 1875 or 1879 giving him compensation for any of the services mentioned in his complaint.   Where a fixed salary is provided by law, and certain specified fees are designated, the officer can rightfully claim no other compensation.   This would be so without any express provision of the statute, but in the acts referred to there are express prohibitions upon the allowance of any greater compensation than that specified.   Acts 1875, sections 1–15; Acts 1879, p. 130; sections 1, 29, 30, 39 ; *Nowles* v. *Board, etc.,* 86 Ind. 179.

Judgment affirmed.

Filed Nov. 27, 1883.