No. 10,892.

BOARD OF COMMISSIONERS OF HANCOCK COUNTY v. MITCH-
ELL.

COUNTY OFFICERS.—*Purchase of Blanks.*—Without some authority conferred
by statute, a county officer has no authority to make the county liable
for printed blanks necessary for his use as an officer; and as to blanks
for "proof of posting notices," "semi-annual cash accounts," and "elec-
tion notices," and "labels," there is no such authority; nor as to "ad-
ministrator's deeds," unless the purchase be made under the direction of
the court.

From the Hancock Circuit Court.

*J. A. New* and *J. W. Jones,* for appellant.

COLERICK, C.—The appellee presented to the board of
commissioners of Hancock county, for allowance an account,
for printed blanks and stationery furnished by him, in Octo-
ber and November, 1882, to the clerk, sheriff and other offi-
cers of the county. The claim being disallowed by the board,
he appealed from its decision to the circuit court, where
issues in the case were formed and submitted to the court for
trial, resulting in the rendition of a judgment in his favor.
A motion for a new trial was made and overruled. The ap-
pellant assigns as error, with others, for the reversal of the
judgment, the ruling of the court on the motion for a new
trial. One of the causes assigned in support of the motion
was that the decision of the court was not sustained by suffi-
cient evidence and was contrary to law.

The court, in its findings, designated the particular items
in the account allowed by the court that constituted the sum
for which judgment was rendered, as follows: " Proof of post-
ing notices, $4.50; administrators' deeds, $4.75; semi-annual
cash accounts, $16.70, and election notices, $4." The evi-
dence, which is in the record, shows that the appellee fur-
nished, at the request of the county clerk, the articles specified
in the first four items of the account as above set forth, and
in the absence of any order or direction of the court author-

izing their purchase, and that the notices mentioned in the last item were furnished by the appellee at the request of the sheriff. The blanks referred to in the first three items were procured by the clerk for the use of executors and administrators in the settlement of estates.

The most important question involved in the case, as presented by the record, is whether a county can be rendered liable to pay debts contracted by its officers in the purchase of printed blanks required by them in the performance of their official duties. The solution of this question in the affirmative depends solely upon the existence of some power granted by statute authorizing county officers to make such purchases at the expense of the county. In the absence of authority so conferred they possess no such power. The statute provides that "In no case shall money be paid out of any county treasury for any printed blanks for the use of any county officer, except printed heads and rulings in record-books and receipts given by treasurers, and quietuses and other receipts given by auditors, for which no fee is allowed by law; nor shall any board of county commissioners make any allowance to any county officer for any printed blanks used by such officers, except for the use of the county; nor shall any board of county commissioners make any order for the payment of any money out of the county treasury for stationery for the use of any county officer, except for the use of the county." R. S. 1881, section 6028. This provision is mandatory, and expressly prohibits the payment of any money out of the county treasury "for any printed blanks" "for the use of any county officer" other than the blanks therein excepted. The purpose of the Legislature to limit the power of county officers to bind the county for stationery and printed blanks purchased by them, to such articles as are required for the use of the county, is clearly evinced in the enactment of this statute, which must be construed so as to execute the evident purpose of the Legislature in restraining, within the limits so wisely and properly prescribed, the power that county of-

ficers otherwise might arbitrarily assume and recklessly exercise in the purchase of such articles at the expense of the county. The blanks furnished by the appellee were not purchased for the use of the county, and do not come within the exception named in the statute, therefore, in the absence of other statutory provisions authorizing their purchase at the expense of the county, he must look to the officer personally who purchased them. Section 2465, R. S. 1881, provides that "The clerk of each circuit court shall, under the supervision and direction of the court and at the expense of the county, * * * procure and keep in his office, for the use of executors and administrators appointed by the court, a suitable supply of printed blanks prepared in conformity with the provisions of this act, and shall furnish to each executor or administrator, upon the issuing of letters and from time to time thereafter, the necessary number and kind of such blanks, proper for the settlement of the estate." It will be observed that the blanks referred to are to be procured by the clerk " under the supervision and direction of the court." Under this provision of the statute, the clerk has no power or authority to procure such blanks at the expense of the county except in the manner therein provided. In this case the blanks which were furnished to the clerk for the purposes named in the statute were procured by him without the "supervision and direction of the court." To sanction this we must ignore the statute, and hold that its requirements need not be respected or complied with, and that the power to ascertain and determine " the necessary number and kind of such blanks, proper for the settlement of such estate," may be exercised by the clerk, in lieu of the court, as provided in the statute. To divest the court of this power, where it solely rests, and confer it upon the clerk, would be an unwarranted usurpation by us of legislative functions which we do not possess. It is our duty to construe statutes as we find them, and so construing this statute we hold that the clerk has no power, under its provisions, to procure such blanks at

the expense of the county except " under the supervision and direction of the court." We are not aware of any other statute necessary to be considered in this case in determining the power of the clerk to purchase, at the expense of the county, the blanks which he procured from the appellee.

The fourth item in the account was for slips or labels upon which numbers corresponding with those of the cases on the docket of the court were printed, which labels or slips were attached to the several apartments of the clerk's desk, in which the papers in each case were separately kept, for the convenience of the clerk and attorneys. There was, and is, no law requiring their use. They were purchased by the clerk at his own instance, and without any order or direction of the court authorizing their purchase. By purchasing them he may have created an absolute charge against himself, but not against the county. See Board, etc., v. Burford, post, p. 383.

As to the last item allowed by the court, we think, but do not decide the question, as it is not before us, that the sheriff, in the performance of the duty imposed upon him by law, to give notice of the time and places of holding elections, R. S. 1881, section 4679, has a right to demand and receive from the county compensation for the services rendered, and remuneration for the expenses incurred by him. There is no provision of the statute specially providing for the payment of such claim, but it is probably covered by section 5874, R. S. 1881, which provides that " In all cases where the sheriff shall perform any service for the county, required by law to be performed by him, and there is no provision for its payment, the board of county commissioners shall allow and pay such sheriff the same compensation as is allowed by law for similar services; but the sheriff shall make out an itemized statement of all such service performed for such county, before such allowance is made; but such allowance shall not be made unless such statement shall be filed with the auditor ten days before the commissioners' court meets, and any citizen may resist the allowance of said account."

The appellee, if he has any claim for printing the notices referred to, must resort to the sheriff for its payment, as they were furnished at his request, and the sheriff, after paying the claim, can, if he is entitled to reimbursement out of the county treasury, obtain it, under the statute to which we have referred, by complying with its provisions. The appellee had no claim against the county for the work so performed by him.

It follows from the conclusions reached by us, that the court erred in overruling the motion for a new trial, as the decision was not sustained by sufficient evidence, and was contrary to law.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, with instructions to the court to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.

Filed Jan. 30, 1884.