Wright, Auditor, *v.* Board of Commissioners of Hancock County.

Filed Oct. 11, 1884.

---

No. 11,473.

WRIGHT, AUDITOR, *v.* BOARD OF COMMISSIONERS OF HANCOCK COUNTY.

COUNTY AUDITOR.—*Fees and Salaries.*—*Free Gravel Roads.*—*Statute Repealed.*—Section 5098, R. S. 1881, giving the county auditor certain fees for services concerning free gravel roads, was repealed by section 5907, R. S. 1881, and section 39, Acts 1879, p. 142.

From the Hancock Circuit Court.

*C. G. Offutt* and *R. A. Black,* for appellant.

*J. A. New* and *J. W. Jones,* for appellee.

ELLIOTT, C. J.—The appellant's complaint is for services rendered to the county by him, as auditor, in proceedings for the establishment of a free gravel road.

Where a fixed salary is provided by law, and fees for services are specifically designated, the officer can rightfully claim no other compensation. *Nowles* v. *Board, etc.,* 86 Ind. 179; *Donaldson* v. *Board, etc.,* 92 Ind. 80. Unless a statute expressly, or by fair implication, makes provision for compensation, a claim can not be enforced by legal process against the county except where there is a contract stipulating for the services, and the contract is itself within the authority of the county commissioners. *Miller* v. *Embree,* 88 Ind. 133; *Board, etc.,* v. *Burford,* 93 Ind. 383; *Board, etc.,* v. *Mitchell,* 93 Ind. 307; *Hoffman* v. *Board, etc.,* 96 Ind. 84; *Moon* v. *Board, etc.,* 97 Ind. 176.

There is no contract in this case, and the right of recovery, if one exists, must depend upon the statute.

In 1877 an act was passed containing various provisions concerning the establishment of free roads, and, among them, the following: "The surveyor * * and the county auditor shall receive such compensation for their services as is now or may be fixed by law" for their services. R. S. 1881, sec. 5098. On this statute appellant relies. The appellee meets the claim of the appellant by the proposition that the act of 1877, in the particular here involved, was repealed by the act of 1879. In that act it is provided "The auditor of each county shall be allowed the sum of twelve hundred dollars a year for his services, and no more, except as provided for in this act." R. S. 1881, sec. 5907. This language is broad and comprehensive, and it is difficult to perceive how the auditor can claim any other compensation than that provided in the act. In another section of that act the fees that the auditor shall receive are

specifically designated. R. S. 1881, sec. 5098. But there are other sections in the act of 1879 which require consideration. The first section declares that officers shall receive such compensation "and none other," as the act provides, except when otherwise provided by law. In section 24 of that act provision is made for fees in highway cases in which there is litigation. Section 39 makes it a criminal offence for the commissioners, except " in cases of indispensable public necessity," to make any "allowance not specifically required by law," to any county auditor or other officer, and section 41 repeals all conflicting laws. There can, it seems clear to us, be no doubt that the appellee is right in contending that the act of 1879 repeals the earlier act. *Nowles* v. *Board, etc., supra; Donaldson* v. *Board, etc., supra.*

In 1883 an act was passed re-enacting many of the provisions of the act of 1877, concerning free roads, and among them the provision relative to the auditor's compensation, and it is argued that this proves that there was no repeal by the act of 1879. We can not agree with counsel. The act of 1883 is not an amendatory act, but is an independent act covering the whole subject-matter. It introduces new and distinct provisions, and does not profess to amend or to continue in force any former act. It takes effect as an independent act, and the provisions in it are as though they were written in the statute for the first time in the history of the State. The provision in the act of 1877 was effectually repealed, and the act of 1883 did not revivify it, and place it in force as though enacted in 1877; it simply made it part of its provisions as though it were a provision incorporated in the statute for the first time.

Judgment affirmed.

Filed Oct. 18, 1884.