Filed Jan. 27, 1885.

---

No. 11,820.

## Bynum *v.* The Board of Commissioners of Greene County.

Sheriff.—*Compensation for Keeping Jail and Caring for Prisoners.—Cases Limited.*—A sheriff, in this State, for services rendered by him in keeping the county jail and taking care of the prisoners confined therein, is entitled to no compensation in addition to the amount allowed by law for the boarding of prisoners. *Board, etc.,* v. *Reissner,* 58 Ind. 260, and *Board; etc.,* v. *Reissner,* 66 Ind. 568, limited.

From the Greene Circuit Court.

*S. O. Pickens, S. W. Axtell* and *W. W. Moffett,* for appellant.
*A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellee.

ELLIOTT, J.—The appellant claims compensation for services rendered by him in keeping the jail of Greene county and taking care of the prisoners confined in it during the time he held the office of sheriff. It is admitted by the complaint that the county has paid the sum of sixty cents per day, allowed by law, for the boarding of each prisoner, so that the question is whether the sheriff can secure pay for his services, in addition to the amount allowed by law for the boarding of prisoners? We have no hesitation in declaring that he has no right to the additional compensation.

The policy of the legislation of the State has been to deny to public officers constructive fees and salaries, and it has been repeatedly held that a public officer can not successfully assert a claim to fees unless there is a statute conferring it in express terms or by fair implication. *Wright* v. *Board, etc.*, 98 Ind. 88; *Donaldson* v. *Board, etc.*, 92 Ind. 80; *Nowles* v. *Board, etc.*, 86 Ind. 179. There is no statute giving a sheriff compensation for services rendered in keeping the county jail or looking after the prisoners committed to his charge; on the contrary, the clear implication is that the compensation fixed for boarding prisoners is intended to cover the services rendered by the sheriff in maintaining the jail of which he is made the keeper.

A sheriff takes the office with all its burdens, and subject to the power of the Legislature to add new duties, and he can recover no other compensation than such as the law provides. *Falkenburgh* v. *Jones*, 5 Ind. 296; *Turpen* v. *Board, etc.*, 7 Ind. 172; *Board, etc.*, v. *Blake*, 21 Ind. 32; *Board, etc.*, v. *Templer*, 34 Ind. 322.

The duty of the sheriff is to keep the jail, and this duty has always been recognized as a general one. A general duty such as that can not be deemed special services, entitling the sheriff to special compensation. Extra compensation for giving personal attention and time to the general duties of his office might be claimed with quite as much reason and propriety as for keeping the jail.

Our conclusion in this case is not in conflict with the decisions in *Board, etc.,* v. *Reissner,* 58 Ind. 260, and *Board, etc.,* v. *Reissner,* 66 Ind. 568. What is decided in those cases is, that for fuel, articles of property bought for the county, and necessary for use in the jail, the sheriff is entitled to an allowance. To this result those cases lead, and to that they must be limited. Possibly they must be deemed to be even more limited by the effect of subsequent legislation. All that the officer can claim, under existing laws, is, that when he buys property for the county, for use in the jail, he is entitled to be reimbursed. Nor is it all kinds of property for which he can claim an allowance; on the contrary, he can not successfully claim an allowance for things necessarily used and consumed in boarding prisoners, for these things are to be deemed to be included in and paid by the *per diem* allowed for boarding prisoners. Where, however, the property is furniture, or articles of that character, then, unless some different legal provision has been made for its purchase, the sheriff may be reimbursed for money expended in purchasing it.

Judgment affirmed.

Filed Jan. 29, 1885. Petition for a rehearing overruled April 1, 1885.