Noble *v.* Board of Commissioners of Wayne County.

No. 10,716.

NOBLE *v.* BOARD OF COMMISSIONERS OF WAYNE COUNTY.

COUNTY CLERK.—*Compensation for Official Services.*—Before a county clerk is entitled to demand compensation from the county treasury for services performed by him in his official capacity, he must show, first, a statute authorizing him to receive compensation for such services and fixing the amount thereof, and, second, a statute authorizing the county commissioners to pay for such services out of the county treasury.

From the Wayne Circuit Court.

*H. C. Fox,* for appellant.

MITCHELL, J.—On the 6th day of June, 1882, William T. Noble, clerk of the circuit court for the county of Wayne, filed with the auditor the following account or claim:

"*Wayne County, Indiana:*

To WILLIAM T. NOBLE, Dr.

| | |
|---|---:|
| Statistical reports of marriage, March 50, April 50, May 50 | $1.50 |
| Three certificates for same, with seal, 50 | 1.50 |
| Order to draw jury 10, index 10, certificate 50 | .70 |
| 44 certificates to auditor for jurymen, 50 | 22.00 |
| Venire for jury (under seal) | .75 |
| Four appointments judge *pro tem.*, and certificate, 75 | 3.00 |
| Record of marriages for board of health for y'r | 12.50 |
| 85 civil order-book entries and orders 10c | 8.50 |
| 74 probate order-book entries and orders 10c | 7.40 |
| 28 criminal order-book entries and orders 10c | 2.80 |
| Filing 54 miscellaneous papers 5c | 2.70 |
| 2 certificates of election of justices of peace to secretary of state 50 | 1.00 |
| 4 certificates of board of equalization, record and copy to each | 6.00 |
| Filing 250 election papers, consisting of tally-sheets, poll-books and certificates, 5c | 13.25 |
| | $83.60 " |

Of this account the board of commissioners allowed items amounting to about $30, and disallowed others amounting to $53.65. From the order of the board the clerk appealed to the circuit court, where the case was submitted for trial on an agreed statement of facts, in which statement it was admitted that the services charged for were rendered. The court refused to allow any part of the claim, and the case is before us on appeal.

Before the appellant is entitled to demand compensation from the county treasury for services performed by him in his official capacity, it is necessary for him to show: 1. A statute authorizing him to receive compensation for such services, and fixing the amount thereof. 2. A statute authorizing the county commissioners to pay for such services out of the county treasury.

It was decided as early as *Rawley* v. *Board, etc.,* 2 Blackf. 355, and it has been the law ever since, that a county can not be liable for the fees and charges of officers without an express statute on the subject. *Board, etc.,* v. *Blake,* 21 Ind. 32; *Board, etc.,* v. *Templer,* 34 Ind. 322; *Taylor* v. *Board, etc.,* 67 Ind. 383; *State, ex rel.,* v. *Wallace,* 41 Ind. 445; *Wright* v. *Board, etc.,* 98 Ind. 88.

In the absence of a statute, a county is liable to pay fees and charges to the clerk precisely in the same manner that an individual is, and not otherwise, and except where a statute expressly authorizes the boards of commissioners to make allowances to him for services which he performs in the course of his official duties, they have no more authority, and are under no greater liability, to pay him for such services, than to pay for any other services not performed for the county. We have been unable to find any statutes which fix any compensation for the clerk for performing any of the services above specified, or which authorize the county boards to pay for such services out of the public treasury, and as neither the appellant nor his counsel have pointed out any law for either, we have some confidence that none exists.

The judgment is affirmed.

Filed March 18, 1885.