No. 11,996.

## THE BOARD OF COMMISSIONERS OF CARROLL COUNTY v. GRESHAM.

OFFICE AND OFFICER.—*Gratuitous Service.*—Where official duties, to which no compensation is attached, are imposed upon a public officer, they must be performed gratuitously.

SHERIFF.—*Compensation for Keeping Jail and Caring for Prisoners.*—The act regulating the fees of sheriffs was intended by the Legislature to be a complete fee bill, prescribing, so far as could be, the services for which they should receive compensation, and the fees designated therein are to be deemed a full remuneration for all services incident to the office, and such officer is entitled to no extra compensation for keeping the county jail and caring for prisoners.

SAME.—*Care of Insane Persons.*—*Presumption.*—There being no statute authorizing the circuit court to commit insane persons, as such, to the county jail, the presumption is that they were duly committed for some offence, and that they were received and held as other prisoners, and for their care the sheriff can claim no extra compensation.

From the Tippecanoe Circuit Court.

*J. C. Nelson, J. C. Odell, R. P. Davidson* and *J. C. David-son,* for appellant.

*J. Applegate, C. R. Pollard, J. R. Coffroth* and *T. A. Stuart,* for appellee.

MITCHELL, J.—The appellee's claim, as finally amended and passed upon in the circuit court, was stated in his bill of particulars as follows:

" *The Board of Commissioners of the County of Carroll, in the State of Indiana.*

"TO EDWARD H. GRESHAM, Dr.

" For services rendered personally by plaintiff in keeping the jail of the county of Carroll, in the State of Indiana, for 4 years from Nov. 8th, 1876, to Nov. 8th, 1880 . . . . . . . . . . . . . . $4,380

" To cash paid Will H. Haughey, for like services, from Jan. 1st, 1877, to Nov. 1st, 1879, at $75 per month . . . . . . . . . . . . . . . . . 1,600

" To cash paid William Scott, for like services, from Sept. 1st, 1879, to November 8th, 1880, at $75 per month . . . . . . . . . . . . . . . . . 712

" To cash paid Frank Gresham, for like services, from November 8th, 1876, to November 10th, 1880, at $75 per month . . . . . . . . . . . . . . . 2,190."

It was specially found by the court that whatever was done by Gresham in " keeping the jail " was done while he was the sheriff of Carroll county, and it was also found that during the whole period of his service as sheriff he had claimed and was allowed by the commissioners compensation for all services for which the statute makes specific provision.

After enumerating various specific services which the court found the appellee and his assistants performed in and about the jail, such as carrying fuel into the jail, cleaning the closets, locking the prisoners in their cells at night and letting them out in the morning, and washing and cleansing some insane persons who were committed to the jail by order of the Car-

roll Circuit Court, etc., the court further found as follows: "That the duties and services so enumerated, and including the care of said insane persons, and for which no *specific* pay is allowed, are and were of the value of $1,000 per year, and for the whole four years are and were of the value of $4,000."

Upon the facts found the court stated as a conclusion of law, that the appellee was entitled to recover $4,000, and accordingly judgment was rendered against the board of commissioners for that sum. It is apparent from the special findings of the court, that for all services rendered by the appellee, for which there is a specific compensation fixed by law, he has been allowed and paid; but the argument is pressed that because the services enumerated were rendered, and were necessary, and because the law provides no specific compensation for such services, therefore the county is liable to pay for them as upon a *quantum meruit.*

That an individual is elected to the office of sheriff in a particular county, and because he thereby becomes *ex officio* the jailor of that county, and responsible for the care and custody of the prisoners confined in the jail which is provided and maintained by law in that county, does not imply that the municipality shall come under any other obligation to him except that provided by the very terms of the statute. The statute prescribes, specifically, the duties of the sheriff with respect to receiving and caring for prisoners confined in the county jail, and fixes the compensation which shall be paid him for receiving, discharging and boarding them, and when the county, through its board of commissioners, has provided a suitable jail, and maintains in it suitable furniture and appliances for its proper keeping and pays the jailor the compensation specifically provided by statute, it has discharged its municipal obligation and exhausted its corporate power over the subject.

There can be no such thing in legal contemplation as an implied *assumpsit* on the part of a county with respect to the services of county officers. In performing services for the

county, the officer and the county stand related to each other precisely as an individual and the officer, the statute regulating fees being the measure of compensation for the one and the extent of the liability of the other in each case.

For services imposed by law upon the officer, which are not specially rendered for the municipality, as a prerequisite to the liability of the county for said services the officer must show: 1. A statute fixing the compensation for the service. 2. A law authorizing or making the county liable to pay for such service out of its treasury. It is of the highest concern to the public that this should be so; otherwise it would be within the power of one body of county officials to compensate the other county officers out of the public treasury, as a matter of grace and favor, without limit or restraint.

This principle has been recognized in this State from the beginning, and accordingly it has invariably been held that official duties imposed upon a public officer, to which no compensation is attached, must be performed as all official duties anciently were, gratuitously.

The act regulating the fees of sheriffs was plainly intended by the Legislature to be a complete fee bill, prescribing, so far as could be, with precision and certainty, the services for which they should receive compensation, and this makes it all the more apparent that the fees designated therein are to be deemed a full remuneration for all services incident to the office. *Rawley* v. *Board, etc.*, 2 Blackf. 355; *City of Brazil* v. *McBride*, 69 Ind. 244; *Board, etc.*, v. *Leslie*, 63 Ind. 492; *Hartwell* v. *Supervisors, etc.*, 43 Wis. 311; *Freeholders of Morris Co.* v. *Freeman*, 44 N. J. L. 631; *Atchison Co.* v. *Tomlinson*, 9 Kans. 167.

In the argument of counsel, stress is laid on the provision, in the act above mentioned, that " In all cases where the sheriff shall perform any service for the county, required by law to be performed by him, and there is no provision for its payment, the board of county commissioners shall allow and

pay such sheriff the same compensation as is allowed by law for similar services." R. S. 1882, sec. 5874.

The services enumerated in the special finding, and for which the appellee had judgment below, were in no sense services performed " for the county." The prisoners and other persons committed to his custody, to whom attention was given, were not committed to the jail by, nor for the county, nor was the county interested in them, in any respect different from a city or town, or other corporation within the county, except to discharge its statutory obligation of providing, furnishing and maintaining the jail, and paying the sheriff the compensation provided by law for receiving, discharging and boarding them while in his custody.

It is contended further that because the court, in its special finding, found that the appellee had the care of some insane persons who were committed to the jail by the order of the Carroll Circuit Court, this case is thereby distinguishable from that of Bynum v. Board, etc., 100 Ind. 90.

Our attention has been called to no statute, nor are we aware of any, which authorized the Carroll Circuit Court to commit insane persons, as such, to the county jail. We are to presume, therefore, that the insane persons who were committed to the jail by the circuit court were so committed in pursuance of a conviction duly had for some misdemeanor of which they were found guilty, and that they were received and held under the law as other prisoners. Adhering to the ruling in the case of Bynum v. Board, etc., supra, and the authorities therein cited, it results that on the facts found by the court the conclusion of law should have been that the appellee was not entitled to recover for any of the services mentioned in the complaint.

The judgment is reversed, with costs, with instructions to the court below to state its conclusions of law and render judgment for the appellant in accordance with this opinion.

Filed April 1, 1885.