Waymire *et al.* v Powell *et al.*

No. 12,332.

WAYMIRE ET AL. *v.* POWELL ET AL.

BOARD OF COMMISSIONERS.—*Contract.*—*Allowance.* — *Voluntary Services.*—A board of county commissioners can make no contract of any kind with one of its members, and no legal allowance can be made by such board to a county commissioner for services voluntarily rendered, or things voluntarily furnished, the county by him.

SAME.—*Appeal.*—An allowance by a board of commissioners to one or more of its members for services rendered in inspecting, examining and measuring the abutments of a bridge, which had been built in pursuance of a contract theretofore made with such board, is illegal and may be appealed from by any person interested.

From the Jasper Circuit Court.

*F. W. Babcock,* for appellants.

*S. P. Thompson,* for appellees.

MITCHELL, J.—The learned counsel for appellant states the case made in this record substantially as follows: On the 20th day of February, 1884, pursuant to proper preliminary notice and proceedings, the board of commissioners of Jasper county let contracts, separately, for furnishing all materials and constructing and completing the stone abutments and superstructure for a county bridge of the value of more than $4,000, over the Iroquois river.

On the 23d day of May, 1884, the abutments having been completed according to contract, ready for the superstructure,. and the board not being in session, the appellants Waymire and Nichols, being a majority of the board of commissioners —the other commissioner living remote from the county seat—at the instance of the contractor and bridge superintendent, employed an engineer, with whom and the superintendent, they measured and estimated the abutments, and,. finding them completed according to contract, received them and settled with the contractor subject to the ratification of the board in formal session.

On the 13th day of June, 1884, the board being convened

in special session, present John Waymire, Asa C. Prevo, and Samuel R. Nichols, it was " ordered that John Waymire have an allowance of $3.50 for *per diem* as a commissioner of this board for one day's services in inspecting, examining and measuring the stone abutments for the new iron bridge over the Iroquois river at Rensselaer, on the 23d day of May, 1884, and that the auditor draw his warrant on the county treasurer for such allowance." A like order was made at the same time in favor of Samuel R. Nichols, another member of the board.

John W. Powell, by a proper affidavit and appeal bond filed in each case, perfected an appeal to the Jasper Circuit Court. The appeals having been perfected, the cases were consolidated in the circuit court. Waymire and Nichols moved to dismiss the appeal, and the overruling of their motion to dismiss presents the principal question for decision.

It is contended here that the services, for which the allowances were made, were services voluntarily rendered, and that the allowances were, therefore, within the discretion of the board. The argument is: 1. That allowances, which a board of commissioners may make at their discretion, like other acts which are purely discretionary, are not reviewable on appeal. 2. That the allowances were for services voluntarily rendered, and, within the prohibition of section 5770, an appeal is forbidden.

The amount directly involved is inconsiderable, but the question is of importance. The proposition that any officer or officers, charged with the control and expenditure of public funds, have the power to make allowances to themselves out of such funds, either at discretion or for services voluntarily rendered, without other restraint than their own sense of fairness, is well calculated to invite attention.

The compensation of officers is, as a rule, prescribed by law, and it has often been declared by this court, that before any public officer may demand or receive compensation out of the public treasury for services performed by him, it is

required that he show: 1. That a specific compensation is allowed by law for the services for which remuneration is claimed. 2. That express authority exists for making payment out of the public funds. *Noble* v. *Board, etc.*, 101 Ind. 127; *Board, etc.,* v. *Gresham*, 101 Ind. 53; *Board, etc.,* v. *Harman*, 101 Ind. 551; *Bynum* v. *Board, etc.*, 100 Ind. 90; *Wright* v. *Board, etc.*, 98 Ind. 88. In the case of *Board, etc.,* v. *Gresham, supra*, this court said, in reference to the rule above stated: "It is of the highest concern to the public that this should be so; otherwise it would be within the power of one body of county officials to compensate the other county officers out of the public treasury, as a matter of grace and favor, without limit or restraint."

If county commissioners can not compensate other county officers for official services without express authority of law, it would seem necessarily to follow that they can not without such authority compensate themselves.

Section 5823, R. S. 1881, provides that "The county commissioners' fees shall be as follows: For each day's attendance as a member of the county board or board of equalization, each commissioner shall receive $3.50."

The Legislature having, in the foregoing statute, fixed the measure of compensation for the services of a county commissioner, it is not competent for county boards to supplement the legislation thus enacted by making allowances to themselves, either at their discretion or for services voluntarily performed.

Section 5763 provides that "The boards of commissioners may make allowances at their discretion," etc., but, as was said in *Rothrock* v. *Carr*, 55 Ind. 334, this does "not mean an arbitrary, uncontrolled, unlimited discretion, contrary to law, or without authority of law; for where there is no law there is no act to do, and, therefore, no discretion to be exercised." The discretion therefore must be according and in subordination to the law, and not outside and in violation of it. *English* v. *Smock*, 34 Ind. 115 (7 Am. R. 215.)

The order recites that the allowance was for *"per diem* as a commissioner of the board," etc., but it also shows that it was not for " attendance as a member of the county board or board of equalization," and it was therefore made without any authority of law.

Where the board of commissioners of their own motion do an act which under the law they may do or not, as in the exercise of their discretion seems best, and the time and mode of doing the act are not prescribed by law, no appeal lies from their decision in such a case. But when they make an allowance which is illegal and appears so on its face, any one aggrieved may appeal.

There are many things which are left to the discretion of county boards, in which they may act without being subject to the control of the courts in any way, but from all allowances made by such boards without authority of law an appeal lies.

It is argued, however, that even if the allowance was not proper as for official services, since the allowance was for services voluntarily rendered for the benefit of the county, and as the county had the benefit of the services, upon principles of " natural equity " the board might allow compensation, and having allowed it no appeal lies. Section 5770 provides that " No appeal shall lie from the decision of said board making allowance for services voluntarily rendered or things voluntarily furnished for the public use."

Where services have been voluntarily performed, or things voluntarily furnished for the benefit of a county without contract, which the board of commissioners might lawfully have contracted for, the board may make an allowance for services so performed or things so furnished, on the equitable principle that a county may do right when to do so is within the authority of law. *Miller* v. *Embree,* 88 Ind. 133.

Manifestly, this principle can not be invoked to authorize unrestrained allowances for services performed or things furnished which the commissioners, by express statute or from

considerations of public policy, were forbidden to contract for. To permit this would be to place it in the hands of the county board to set the law at defiance with impunity. Natural equity can not grow out of a violation of the law. Doubtless, if a bridge on a public highway became out of repair and dangerous, and one with whom the commissioners might have contracted voluntarily put it in a condition of safety, the commissioners might remunerate him for the services thus rendered. Such an allowance would fall under the provisions of section 5770. As, however, the board of commissioners can make no contract of any kind with one of their own number, there can be no such thing as an allowance to a county commissioner for services voluntarily rendered or things voluntarily furnished by a member of the board.

If the services performed by the two commissioners in measuring the abutments were official services, the appellants can receive no compensation, because none is allowed by law except for attendance on the meetings of the board, etc. If they were services which they might have employed some one to perform, it was not competent for them to employ themselves. *Stropes* v. *Board, etc.,* 72 Ind. 42 ; *City of Fort Wayne* v. *Rosenthal,* 75 Ind. 156 (39 Am. R. 127) ; *McGregor* v. *City of Logansport,* 79 Ind. 166 ; *Pratt* v. *Luther,* 45 Ind. 250.

Where public officers are authorized by law to employ others to perform services for the municipality of which they are officers, public policy forbids that they should employ one of their own number.

It is of no consequence that no injury, or that an actual benefit, has resulted from such employment. The law will not permit public servants to place themselves in a situation where they may be tempted to do wrong, and this it accomplishes by holding all such employments, whether made directly or indirectly, utterly void. *People* v. *Township Board,* 11 Mich. 222 ; *Kinyon* v. *Duchene,* 21 Mich. 498.

Upon every claim that is presented for allowance, the county is entitled to the unbiased judgment of its board of commis-

sioners. The law does not yet recognize it as a fact that members of boards of commissioners, or of any other tribunal, can sit as judges in their own cases.

The distinction between the case we are considering and *Nichols* v. *Howe,* 7 Ind. 506, *Board, etc.,* v. *Boyle,* 9 Ind. 296, *Sims* v. *Board, etc.,* 39 Ind. 40, and *Board, etc.,* v. *Richardson,* 54 Ind. 153, cited and relied on in the briefs of the learned counsel in this case and *Waymire* v. *Board, etc., post,* p. 600, which we have examined in connection with this, is, that in the cases cited the services were performed by persons competent to contract with the county board, and were such as might have been contracted for. It was competent and in character for the commissioners to sit in judgment on the claims of others who had performed voluntary services for the county, for which a contract might have been made, but it is a matter of an entirely different complexion, when members of any tribunal present to the body of which they are a part claims in favor of themselves, and sit in judgment upon them.

It is not to be tolerated that they should be judges at all in such a case. It is certainly too much to ask that in the event the decision is in favor of themselves their judgment should be final.

The salutary rules above stated are not new ; they have been declared and enforced by this court in a great number and variety of cases.

In *Wright* v. *Board, etc.,* 98 Ind. 88, this court said : " Unless a statute expressly, or by fair implication, makes provision for compensation, a claim can not be enforced by legal process against the county except where there is a contract stipulating for the services, and the contract is itself within the authority of the county commissioners." Substantially the same principle was stated in *Moon* v. *Board, etc.,* 97 Ind. 176, where it was said, in substance, that a contract for the services must be shown, and a statute authorizing compensation to be

made, and also that the contract was within the authority of the board to make.

The foregoing cases are relevant in this, that even if there had been a contract, and a statute authorizing compensation in the case before us, as the board of commissioners had no authority to contract with themselves, the allowance would nevertheless have been illegal.

As, for the reasons already stated, the allowances made to the appellants were in every respect illegal and wholly unauthorized, the appeals were properly taken, and there was no error in overruling the motion to dismiss. It was not error, of which the appellant under the circumstances can complain, to refuse leave to amend the complaint and to dismiss the action.

We think all the facts showing the nature of the claim appeared upon the face of the record, and that the other rulings complained of were in any event immaterial and harmless. The claim was not susceptible of amendment so as to have authorized a recovery in favor of the commissioners. The whole controversy is fully presented on the motion to dismiss the appeal.

The judgment is affirmed, with costs.

Filed Feb. 10, 1886.