Filed April 20, 1887.

———————◆———————

No. 13,632.

TAYLOR *v.* THE BOARD OF COMMISSIONERS OF WASHINGTON COUNTY.

COUNTY CLERK.—*Compensation for Opening and Closing Orders on Court Records.—Cum Onere.*—A county clerk is not entitled to compensation from the county for making the opening and closing orders upon the court records.

From the Washington Circuit Court.

*S. H. Mitchell* and *R. B. Mitchell,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellee.

. ELLIOTT, C. J.—The appellant claims that, as clerk, he is entitled to compensation from the county for making the opening and closing orders upon the court records.

In order to entitle a clerk to receive money from the county treasury, two things are indispensably necessary: "1. A statute authorizing him to receive compensation for such services, and fixing the amount thereof. 2. A statute authorizing the county commissioners to pay for such services out of the county .treasury." *Noble* v. *Board, etc.,* 101 Ind. 127. *Wright* v. *Board, etc.,* 98 Ind. 88, and cases cited ;

Board, etc., v. Gresham, 101 Ind. 53; Bynum v. Board, etc.,. 100 Ind. 90; Waymire v. Powell, 105 Ind. 328.

There is no statute authorizing the clerk to demand from the county compensation for such services as those for which judgment is here sought, nor is there any statute authorizing them to be paid out of the county treasury. The statute relied on by the appellant, section 14 of the act of 1879,. does not provide for fees taxable against the county, but for fees taxable against parties.

The clerk takes his office *cum onere* and must render some services without specific compensation, and to that class, belong those for which a recovery is here sought.

Judgment affirmed.

