Ex Parte Harrison.

No. 13,729.

## EX PARTE HARRISON.

COUNTY CLERK.—*Fees.*—*Taxation of.*—A public officer, who is required to rely upon fees for his compensation, can tax only such fees as are authorized by law, and if he is unable to collect them from the person liable the loss is his, as he accepts the office with its burdens as well as with its benefits.

SAME. - *Criminal Cases.*—*Poor Persons.*— *Changes of Venue.*— *Allowance.*— *Payment Out of County Treasury.*—There is no law authorizing either the circuit court or the board of county commissioners to make an allowance to the county clerk, to be paid out of the county treasury, for services performed in criminal cases, either where the accused is admitted to defend as a poor person, or where the case is brought from another county on a change of venue.

From the Whitley Circuit Court.

*T. R. Marshall* and *W. F. McNagny,* for appellant.

NIBLACK, J.—The petition of James M. Harrison represented that he was then, and for more than five years then last past had been, the clerk of the Whitley Circuit Court; that said court had, in certain criminal cases theretofore pending therein, permitted and allowed the defendants to defend the prosecutions against them as poor persons, and had assigned counsel to such defendants, for whose services payment had been made out of the county treasury; that the said Harrison had, as such clerk, performed certain official services in said causes in issuing subpœnas, making up records and in other kindred respects, which were necessary in the disposition of said causes, and which were rendered under the order of said circuit court; that, during his, the said Harrison's, incumbency of the office of clerk, as above stated, certain criminal causes had been brought to the Whitley Circuit Court for trial on changes of venue from counties other than the county of Whitley, in which he had been compelled to perform certain official services by order of

said court; that none of said services had ever been paid for by any one, and that, in consequence, the amounts charged for such services were wholly due and unpaid. Two exhibits, containing itemized lists of the services performed, and of the amount charged for each item of service, were filed with and made a part of the petition. One of these exhibits embraced the costs charged in the cases tried on changes of venue, and the other the costs in the cases in which the defendants were allowed to defend as poor persons. The petition concluded with a prayer that the claims for costs thus presented might be audited and allowed as claims against the county, and be ordered to be paid out of the county treasury.

In support of the petition, of which the substantial parts are given as above, Joseph R. Harrison testified that he was then, and for the preceding seven years had been, deputy clerk of the Whitley Circuit Court, and, as such deputy, had, during that time, charge of the business of, as well as the books, records and papers pertaining to, that court; that the items charged for and contained in one of the exhibits accompanying the petition, and known as exhibit E, were for necessary services required to be rendered by the clerk of said court at a trial therein in the case of the State against Charles W. Butler, on an indictment for murder, and upon a change of venue from the county of Kosciusko; that the said Butler was sentenced to be hung, and was hung accordingly; that Butler left no property or estate of any kind, and, in consequence, the costs which accrued in his case remained unpaid.

The said Joseph R. Harrison further testified, that all the items of costs charged in the other exhibit, known as exhibit B, were for services performed by the clerk of the Whitley Circuit Court, by order of that court, in a considerable number of criminal cases in which the defendants were admitted to defend as poor persons, and in which counsel were assigned to the defendants and paid out of the

county treasury; that these defendants were all wholly insolvent and unable to pay any costs, and that these items of costs were, also, wholly unpaid; that all of these last named defendants, except one, were duly convicted of the offences with which they were respectively charged; that all the items of services included in both exhibits were worth the respective amounts charged for them.

The court below, after hearing this evidence, refused to allow any part of the claims thus presented as a charge upon the county treasury, but wholly rejected such claims, and every item and part of the same, to which the petitioner, Harrison, reserved an exception, and upon which he assigns error here.

The forty-fourth section of the act of March 12th, 1875, known as section 6027, R. S. 1881, provides that "In all criminal cases where the person accused shall be acquitted, no costs shall be taxed against such person, nor against the State or county, for any services rendered in such prosecutions by any prosecuting attorney, clerk, sheriff, coroner, justice of the peace, constable, or witness; but in all cases of conviction, such fees and costs shall be taxed and collected from the person convicted."

This section clearly precludes a criminal or circuit court from ordering payment for services rendered by a clerk in any criminal cause out of the county treasury where the defendant has been acquitted, and as plainly makes the defendant liable for all costs which have properly accrued in the cause, when he is convicted. R. S. 1881, section 1858.

The defendant being thus made directly liable for costs in the event of his conviction, the clerk, and the other officers named in the section, must look to him, and to him alone, for payment, unless some other provision has been either expressly or impliedly made for other means of compensation.

Sections 1413, 1414 and 1415, R. S. 1881, which have been in force since the 6th day of May, 1853, are as follows:

"1413. The auditor may draw his warrant on the treas-

urer for a sum, the amount whereof, and the time when, and the person to whom the same may be due are fixed by law, or ascertainable from a public record, with proof of personal identity."

"1414. He may also draw his warrant upon the treasurer for a sum allowed, or certified to be due, by any court of record authorized to use a seal and having jurisdiction beyond that of justices of the peace, or by the board of county commissioners."

"1415. The said courts may allow sums to persons serving as assistants to the sheriff, in preparing the court-house for the reception of such courts, and in the preservation of order, and in attendance upon juries, and to persons performing any services under the order of such court. But the number of such assistants employed shall never exceed the actual necessities of the case."

Section 1416 authorizes the courts of the class referred to in section 1414 to make allowances for fuel, furniture and repairs for their respective court-rooms; and section 1417 empowers courts of the same class to make allowances for the necessary expenses incurred in procuring the attendance of women, children, aged, infirm or poor persons as witnesses in State prosecutions. See, also, 1 R. S. 1876, 62.

With these very liberal and comprehensive provisions so long in force, it has never been held by this court that the costs which ordinarily accrue to a clerk for services performed in a criminal cause could either be taxed or allowed against the county.

The rule of decision has always in effect been, that, where a public officer is required to rely upon fees for his compensation, only such fees as are authorized by law can be taxed against any one, and that when the officer is unable to collect his fees from the person liable to pay them he must incur the loss. Laws regulating fees and salaries are presumably enacted upon the theory that each particular officer named will, under their respective provisions, be capable of realizing an

aggregate sum sufficient to compensate him for all the services he is required to perform.

Upon that theory, the officer accepts his office with all the burdens and inconveniences which are imposed by it, in conjunction with the benefits which it confers. In this view an officer, whose emoluments are derived from the allowance of fees for particular services, may be required to perform other official services without additional compensation.

The defence, by an attorney, under the order and direction of the court, of a person prosecuted for a criminal offence, constitutes a service of a different character. An attorney is neither a public officer nor an officer of the court, in the sense in which a prosecuting attorney, a clerk, a sheriff or coroner is an officer in both of these respects. In the mere practice of his profession, he is not in the receipt either of a salary or fees allowed by law, but is simply engaged in a private pursuit. Consequently, his particular services can not be required without compensation. *Blythe* v. *State*, 4 Ind. 525; *Webb* v. *Baird*, 6 Ind. 13; *Board, etc.*, v. *Wood*, 35 Ind. 70; *Gordon* v. *Board, etc.*, 52 Ind. 322; *Buchman* v. *State*, 59 Ind. 1; *Dills* v. *State*, 59 Ind. 15.

The 39th section of the act of March 31st, 1879, on the subject of fees and salaries, known as section 5766, R. S. 1881, declares that "The board of county commissioners shall, unless in cases of indispensable public necessity, to be found and entered of record as part of its orders, make no allowance not specifically required by law to any county auditor, clerk, sheriff, assessor, or treasurer, either directly or indirectly, or to any clerk, deputy, bailiff, or employee of such officer; nor shall they, except in cases above provided, employ any person to perform any duty required by law of any officer, or for any duty to be paid by commission or percentage." A violation of this provision is made a misdemeanor.

Section 40 of the same act, known as section 6030, R. S. 1881, further declares that "No judge of any court in this

State shall make any allowance to any officer or person named in this act, except as in this act provided."

There being no provision of law specifically requiring the fees charged for in this case to be paid out of the county treasury, both the board of commissioners of Whitley county and the Whitley Circuit Court are, by these last named sections, absolutely prohibited from ordering such fees to be so paid.

Sections 1778 and 1779, R. S. 1881, are in the following words:

"1778. In all changes of venue from the county, the county from which the change was taken shall be liable for the expenses and charges of removing, delivering, and keeping the prisoner, and the *per diem* allowance and expenses of the jury trying the cause, and of the whole panel of jurors in attendance during the trial."

"1779. All costs and charges specified in the last preceding section, or coming justly and equitably within its provisions, shall be audited and allowed by the court trying such cause; but where specific fees are allowed by law for any duty or service, no more or other costs shall be allowed therefor than could be legally taxed in the court from which such change was taken."

As regards the ordinary costs taxed in a criminal cause on a change of venue, the court trying the cause is, under the foregoing sections, as fully prohibited from allowing them as a charge against the county treasury as is the court from which the change was taken, and no county is any more liable for such costs than other costs in criminal cases. *Board, etc.,* v. *Summerfield,* 36 Ind. 543; *State, ex rel.,* v. *Miller,* 107 Ind. 39. Nor is there anything in section 260, R. S. 1881, authorizing a court, under certain circumstances, to allow a person to prosecute or defend an action as a poor person, which can rightfully be construed as imposing any liability on a county for costs accruing in a criminal cause. That section is a part of the civil code, and has particular refer-

ence only to civil causes. It neither changes nor assumes to change the rules governing the taxation of, or liability for, costs in criminal proceedings. *Webb* v. *Baird, supra.*

As having some bearing on the matters discussed in this cause, see the cases of *Bynum* v. *Board, etc.,* 100 Ind. 90; *Board, etc.,* v. *Gresham,* 101 Ind. 53; *Noble* v. *Board, etc.,* 101 Ind. 127; *Waymire* v. *Powell,* 105 Ind. 328.

The judgment is affirmed, with costs.

