Filed April 2, 1889.

No. 14,605.

## THE BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY v. FULLEN ET AL.

FREE GRAVEL ROAD.—*Expense of Constructing.*—*Limitation of Assessment.*— It is only the legitimate expense of constructing a free gravel road that can be assessed against the land-owners. If the board of commissioners exceeds its authority, the county must either bear the loss or compel the commissioners to account.

SAME.—*Allowances.*—*Appeal.*—Land-owners are not bound to appeal as each allowance is made, but they have a right to wait until final judgment is entered and then appeal.

SAME.—*Appeal from Reassessment.*—*Questions Presented.*—By an appeal from the final order made by the board of commissioners in proceedings to reassess the property benefited by the construction of the road, all questions affecting the amount of the second assessment may be brought before the court.

SAME.—*Auditor not Entitled to Compensation.*—There is no law providing that the county auditor shall receive compensation for services rendered by him in proceedings under the act of 1877 for the construction of a free gravel road, and he can not be allowed compensation as a part of the expense of constructing the road.

The Board of Commissioners of Montgomery County v. Fullen et al.

SAME.—*Attorney's Fees.*—The fees of attorneys employed by the board of commissioners can not be charged against the land-owners, in cases where the courts decide that they had just cause for resisting an assessment.

From the Montgomery Circuit Court.

*B. Crane, A. B. Anderson* and *J. H. Burford*, for appellant.

*P. S. Kennedy, S. C. Kennedy, J. Wright* and *J. M. Seller*, for appellees.

ELLIOTT, C. J.—This case is here for the second time. *Board, etc.*, v. *Fullen*, 111 Ind. 410. The appellant's counsel now insist that the trial court erred in refusing to allow some of the items which the board of commissioners included in the second assessment made against the land-owners to pay the cost of constructing the free gravel road. ·

We do not doubt, as we said in our opinion when the case was here before, that the object of the various statutes providing for the construction of free gravel roads is to lay the expense of constructing them on the land-owners, and relieve the county from the burden. The debt created for this purpose is primarily the debt of the land-owners, and is chargeable upon a specific fund, and not upon the county. *Board, etc.*, v. *Fahlor*, 114 Ind. 176. But, while this is true, it is also true that it is only the cost of constructing the road that can be assessed upon the land. If county commissioners transcend their authority they can not compel the land-owners to pay the additional expense thus occasioned. The county must bear it, or else compel the commissioners who violate their duty to account. It is, at all events, only the legitimate expense of constructing the road that can be assessed against the land-owners. The statute is the sole source and measure of the powers of the board, and if the commissioners exceed their powers they do not bind the land, nor the owners. If, therefore, the rejected items were not part of the legitimate expense, direct or incidental, of constructing the road, the

land-owners can not be assessed to pay them, and the trial court did right in rejecting them.

We can not hold that the land-owners are concluded because they did not appeal as each allowance was entered. They were not bound to take up the case by piecemeal. *Western Union Tel. Co.* v. *Locke*, 107 Ind. 9. They had a right to wait until the final judgment was entered and then appeal. The appeal brought before the circuit court for review all intermediate orders and allowances. After the final order in the original assessment the appellees were out of court, and were not bound by the acts of the board until duly brought into court upon the second notice. *Gavin* v. *Board, etc.*, 104 Ind. 201; *Board, etc.*, v. *Fullen, supra; Abbett* v. *Board, etc.*, 114 Ind. 61; *Board, etc.*, v. *Gruver*, 115 Ind. 224. This notice brought them into court to litigate all matters connected with the claim of the board to make a reassessment, and they had a right to be heard upon all questions involved in the claim of the board to make a reassessment against their property. They had a right, therefore, by appeal from the final order, to bring before the court all questions affecting the amount of the reassessment. They are not concluded because they did not appeal as each allowance was made.

The proceedings were prosecuted under the act of 1877. *Robinson* v. *Rippey*, 111 Ind. 112; *Board, etc.*, v. *Fullen, supra.* It was held, in *Wright* v. *Board, etc.*, 98 Ind. 88, that the act of 1879 took away from the auditor the right to compensation in gravel road cases, and that decision is in harmony with many other decisions of our court. But it is argued by the appellant's counsel that the act of 1883 dissipates the force of the decision in *Wright* v. *Board, etc., supra*, and that, under that act, the auditor is entitled to compensation. The act of 1883 does prescribe the duties of the auditor, but it does not provide that he shall receive compensation. Acts of 1883, p. 168, section 2. It was not in the power of the commissioners to give compensation, as none

is provided by law. An officer who demands compensation must produce a law providing for it. *Board, etc.,* v. *Gresham,* 101 Ind. 53; *Noble* v. *Board, etc.,* 101 Ind. 127; *Taylor* v. *Board, etc.,* 110 Ind. 462; *Ex Parte Harrison,* 112 Ind. 329. There was, therefore, no error in rejecting the allowance made to the county auditor. It certainly was not a legitimate part of the expense of constructing the road.

The trial court did right in allowing the surveyor or engineer $2.50 per day as his compensation. The evidence warrants this estimate of the value of his services.

If the allowance to the engineer was, as is now claimed, made before the original assessment, then the commissioners had no authority to include it in the second assessment; if it was not, then the appellees had a right to oppose it.

Where land-owners unsuccessfully resist the payment of assessments, there would seem to be some justice in the claim that the fees of the attorneys employed by the county should be paid by the defeated parties; but this is, in any event, a matter for the Legislature, and not for the courts, since the courts can not legislate, and to create such a right legislation is required. In this instance, however, the land-owners were successful, and it would be unjust to compel them to pay the fees of the attorneys of their adversaries. Whether reasonable attorney's fees for preparing papers, giving advice and the like, can be recovered as part of the expense of constructing the road, or whether such services must be performed by the regular attorney of the county, is a question not so presented here as to require a decision, and it is, of course, neither considered nor decided. Section 5102, R. S. 1881, can not be construed as meaning that the fees of attorneys employed by the board of commissioners shall be paid by land-owners, in cases where the courts decide that they had just cause for resisting the original assessment or the reassessment.

We can not say that there is no evidence sustaining the

allowance made to the contractor Clements by the board of commissioners and the circuit court, and we therefore decline to interfere with the finding on that question.

Judgment affirmed.

Filed March 16, 1889; petition to modify opinion overruled March 30, 1889.