The Board of Commissioners of Tippecanoe County *v.* Barnes.

Filed April 24, 1890.

No. 14,107.

THE BOARD OF COMMISSIONERS OF TIPPECANOE COUNTY
*v.* BARNES.

COUNTY COMMISSIONERS.—*Officers.*—*Auditor.*—*Fees can not be Increased.*—*Free Gravel Roads.*—A board of county commissioners has no authority to make orders whereby the statutory fees of the auditor of the county will be increased, by allowing him compensation for services to be rendered in connection with the construction of free gravel roads, and in the swearing of parties to claims for allowances filed before the county board.

From the Carroll Circuit Court.

*W. D. Wallace, S. P. Baird, F. S. Chase, J. B. Milner* and *C. E. Lake,* for appellant.

*J. R. Coffroth* and *T. A. Stuart,* for appellee.

ELLIOTT, J.—At a regular session of the board of com-

missioners of Tippecanoe county, held on the 12th day of September, 1885, the following order was made and entered of record:

" Whereas, an indispensable public necessity exists during the construction of free gravel roads in Tippecanoe county, whereby the auditor is compelled to perform a large amount of extra labor, for which no compensation is allowed by law ; and whereas, the board being satisfied that such indispensable public necessity exists, and that the fees now being charged by the auditor for such extra work are reasonable and just, it is now ordered by the board that he be and he is hereby required to perform such work, and that he be and he is hereby authorized to make such charges for said work, and distribute the same as expenses to the various free gravel roads, as follows, to wit : Filing petitions, reports, etc., five cents each ; indexing, ten cents ; docketing, twenty-five cents ; recording petitions, order of the board to viewers, etc., reviewers, etc., ten cents per one hundred words; filling up bonds ,and registering the same, twenty-five cents each ; making tax duplicates and copy, one dollar per page each ; indexing lands assessed for gravel road taxes on State and county duplicates, ten cents per index ; making transfers of real estate, ten cents for each transfer ; making settlements with county treasurer and keeping account with the road, the following fees shall be charged per road, to wit: John P. Kissinger, H. W. Stingley, Buddell Sleeper, John B. Shelby, Amos Welch, Earl & Smith, J. H. Marks, Jasper H. Stidham, John W. Heath, Samuel Allen, S. A. Cunningham, Adams Earl, and Lafayette and Concord Gravel Road, ten dollars each ; D. C. Beaver, Central Gravel Road and the Randolph road, five dollars each ; making delinquent list and preparing the same for the printer, and such other work connected with the same, ten cents per one hundred words. And for any and all roads that may be constructed other than above, the same fees shall be charged and collected."

The Board of Commissioners of Tippecanoe County v. Barnes.

On the 7th day of March, 1883, the board made and caused to be entered of record this order:

" Whereas, it is believed by the board that it will be for the safety and security of the county that all claims which are now filed, or shall hereafter be filed for allowances before the board of commissioners, shall be accompanied by an affidavit by the claimant or his agent. It is, therefore, ordered by the board that an indispensable necessity exists why such affidavits to such claims should be made. And it is, therefore, ordered that all claims that are filed, or shall hereafter be filed for allowance, shall be accompanied by an affidavit of the party, or his agent, that such claim is justly owing from Tippecanoe county, and that such claim, or any part of it, has never been allowed; and inasmuch as no fee is provided for the services that may be required of the auditor, in swearing affiants to such claims, it is ordered that hereafter, in all cases where the auditor shall swear parties to their claim, he shall be allowed the sum of ten cents for such affidavit."

Acting under these orders, the appellee, then holding the office of auditor of the county, rendered the services for which the orders provide, and claimed the compensation they designate. He presented his claim to the board of commissioners in due form, but that body refused to allow it; he then brought suit and obtained a judgment, and from that judgment the board of commissioners prosecutes this appeal.

If the board of commissioners had power to make the orders upon which the complaint is founded, the appellee's judgment should stand; if, however, the board had no power to make the orders, the judgment must fall. It is evident, therefore, that the question presented for decision is one of power, and not of expediency. If the board had power to make the orders, then, whether it acted prudently or discreetly is not a question for the courts, since it is settled beyond controversy that where a board of commissioners is invested with a discretionary power its judgments are not

The Board of Commissioners of Tippecanoe County v. Barnes.

subject to review by the courts unless it transcends its authority.

The power to fix the fees of an elective county officer is not inherent in the board of county commissioners. The inherent powers of such a board are limited, for their principal powers are purely statutory. Incidental powers essential to the due exercise of principal ones it may have, but principal powers it can not have without a statutory grant. It is a body owing its principal powers entirely to the statute, and he who asserts that it possesses a power of an important and superior nature must make good his assertion by the production of a statute or the assertion will go for nothing. *Gavin* v. *Board, etc.,* 104 Ind. 201; *Miller* v. *Embree,* 88 Ind. 133; *Board, etc.,* v. *Bradford,* 72 Ind. 455; *Hight* v. *Board, etc.,* 68 Ind. 575; *Coman* v. *State,* 4 Blackf. 241; *Mountain* v. *Multnomah County,* 16 Ore. 279; *State, ex rel.,* v. *Harris,* 96 Mo. 29.

A board of county commissioners can not add to its power nor give effect to an unauthorized act by any declaration of its own. It can not make a question of power one of expediency by any assertion or recital. Cobwebs of that sort will be swept away by the courts, and the action of the tribunal so thoroughly examined and explored as to enable the courts to determine the true character of the act or transaction. What can not be accomplished directly can not be accomplished by indirection. Declarations will not be permitted to conceal or cover the proceedings, for the courts will strip off covers and ascertain the real nature of the transaction. We do not, therefore, attach any importance to the recitals in the orders before us, but, putting them aside, we look only to the real act performed by the board. We have no difficulty in ascertaining the real character of the act in this instance, for the purpose sought to be accomplished is transparent. No one can doubt that the purpose of the board of commissioners was to add to the fees of the county auditor. The question, therefore, is, has a board of

commissioners power to add to the fees of the auditor of the county ?

We know that comprehensive powers are conferred upon county commissioners; we know, too, that they are, in a sense, the county.   But, after all, the county is no more than a public corporation, created by statute and deriving its powers from the Legislature.  If a county is not given power to fix the fees of public officers by statute, it can possess no such power.   It adds nothing, therefore, to the strength of the appellee's position to affirm that the board of commissioners is the county.   But it is not strictly true that the board is the county.   It can by no possibility be true that the board is the county, for, in a just sense, the inhabitants of the organized locality constitute the county.   In strict accuracy the commissioners are public officers representing the county, with powers and duties defined and prescribed by statute.   The money which they control is the money of the county, the debts which they incur are the debts of the county, and the authority they exercise is such as resides in them as the officers and representatives of the county.   But the source of their power is the statute, and the standard by which it is to be measured is that supplied by the legislative enactments.   It is true, as we have suggested, that the grant of a principal power carries by implication such subsidiary powers as are necessary to effectuate the principal power, but the authority to fix the fees of a county officer is not a subsidiary power, nor can it be, since the regulation of the fees and salaries of elective officers is a matter of principal importance in every instance.

Our own cases declare that a public officer is not entitled to any other compensation than that fixed by the Legislature itself, or by some officer or body to whom authority to fix the compensation has been delegated.   *Stropes* v. *Board, etc.,* 84 Ind. 560 ; *Nowles* v. *Board, etc.,* 86 Ind. 179 ; *Donaldson* v. *Board, etc.,* 92 Ind. 80 ; *Wright* v. *Board, etc.,* 98 Ind. 88 ; *Bynum* v. *Board, etc.,* 100 Ind. 90 ; *Noble* v. *Board, etc.,* 101

Ind. 127; *Board, etc.*, v. *Gresham*, 101 Ind. 53; *Board, etc.*, v. *Harman*, 101 Ind. 551; *Ex parte Harrison*, 112 Ind. 329; *Board, etc.*, v. *Fullen*, 118 Ind. 158. In *Williams* v. *Segur*, 106 Ind. 368, it was held that a contract made by the board of commissioners with the county auditor, wherein it was agreed that the latter should be paid a compensation for discovering property subject to taxation and adding it to the duplicate, was void. In *Donaldson* v. *Board, etc.*, *supra*, it was said: "Where a fixed salary is provided by law, and certain specified fees are designated, the officer can rightfully claim no other compensation." The English cases were collected in the case of *Board, etc.*, v. *Harman*, *supra*, and it was shown that our decisions were directly in line with them.

The decisions of other courts are in harmony with our own. In *Evans* v. *Trenton*, 24 N. J. L. 764, the court, in speaking of a public officer, said: "His undertaking is to perform the duties of his office whatever they may be from time to time during his continuance in office, for the compensation stipulated,—whether these duties be increased or diminished. Whenever he considers the compensation inadequate, he is at liberty to resign." The Supreme Court of Pennsylvania, in the case of *Lehigh County* v. *Semmel*, 124 Pa. St. 358, said: "Public officers who are paid solely by fees take and hold their offices *cum onere*. They can claim no compensation for any service not specified or provided for in the fee-bill. It is well settled that they can not be paid out of the public treasury without statutory warrant therefor." Other cases declare a similar doctrine. *Wayne County* v. *Waller*, 90 Pa. St. 99; *Irwin* v. *Commissioners, etc.*, 1 S. & R. 505; *Koontz* v. *Franklin County*, 76 Pa. St. 154; *Libby* v. *County of Anoka*, 38 Minn. 448.

It is not necessary to review our statutes, for that has been done in many of the cases cited from our own reports, and in every instance the conclusion has been that the statute, so far from authorizing the board of county commissioners

to add to the fees or compensation fixed by law, explicitly denies the authority. In the case of *Wright* v. *Board, etc., supra,* the question was as to the right to recover for the same class of services as those for which a recovery is here sought, and it was held that there could be no recovery.

The questions involved in this case are settled, and rightly settled, against public officers claiming fees or compensation for services for which the statute makes no provision.

Judgment reversed.

