## THE BOARD OF COMMISSIONERS OF GREENE COUNTY v. STROPES.

FEES AND SALARIES.—*Act of 1875.*—*County Auditor.*—*Fees for Managing School Fund.*—Under section 12 of the fee and salary act of March 12th, 1875, 1 R. S. 1876, p. 467, a county auditor is entitled to one per centum per annum on the whole of the permanent school fund of his county.

SAME.—*Statute Construed.*—"The school fund of the county," described in such section, does not include the school revenue for tuition.

From the Greene Circuit Court.

*W. I. Baker* and *L. Shaw*, for appellant.

*E. E. Rose* and *E. Short*, for appellee.

BIDDLE, C. J.—The appellee filed his claim, as auditor of Greene county, against the appellant, for managing the permanent school fund of the county, at the rate of one per cent. upon the whole amount. The appellant allowed the appellee one per cent. on the amount of said fund which he had loaned, but refused to allow him one per cent. of the whole amount of the permanent fund.

The appellee appealed to the circuit court, wherein the appellant answered:

First. General denial; and,

Second. That the whole amount of said school fund paid in and reloaned by the appellee was four thousand two hundred and nineteen dollars, for the fees upon which the appellee had been paid forty-two dollars and nineteen cents.

A demurrer for want of sufficient facts was sustained to the second paragraph of answer, and an exception reserved.

Upon the issue of general denial, the case was tried by the court.

At the request of the appellee, the court stated the facts found in writing, and the conclusions of law thereon, which are as follows:

"1. That, from the 17th day of October, 1876, until

the 10th day of March, 1877, the plaintiff was the auditor of said Greene county, and that, during said time, there was paid into the treasury of said county, and loaned by said plaintiff, the sum of four thousand two hundred and nineteen dollars of school funds.

"2. That the total amount of the principal of the common school funds and congressional school funds, held in trust by said county during said time, was forty-eight thousand nine hundred and fifty-six dollars and fifty-six cents.

"3. That, at the rate of one per cent. per annum on said sum of forty-eight thousand nine hundred and fifty-six dollars and fifty-six cents, the true proportion thereof, during said period, would be one hundred and ninety-three dollars and fourteen cents.

"4. That the defendant has allowed and paid the plaintiff for his services in managing the school funds, during said time, the sum of forty-two dollars and nineteen cents, which was computed at the rate of one per cent. on said sum of four thousand two hundred and nineteen dollars, so paid in and loaned by plaintiff as aforesaid.

"5. That, during said time, said plaintiff, by virtue of his said office, had the general supervision of all said funds, but said funds were all invested by loans on mortgage security prior to said time, and no change was made in the investment of any part thereof during said time, except that the aforesaid sum of four thousand two hundred and nineteen dollars was so received and loaned by plaintiff.

"And the court makes the following conclusions of law arising from the aforesaid facts:

"1. That the plaintiff, as auditor aforesaid, is entitled to pay for his services in managing the said funds, at the rate of one per cent. per annum on the total amount of forty-eight thousand nine hundred and fifty-six dollars and fifty-six cents, held in trust by said county, being the sum

of four hundred and eighty-nine dollars and fifty-six cents per year, or one hundred and ninety-three dollars and fourteen cents during the time claimed for.

" 2.    That plaintiff is entitled to said sum, notwithstanding the fact, that said funds may have been so safely invested that it did not require any active supervision or labor further than receiving and keeping the accounts of the interest paid in from time to time.

" 3.    That there is now due from defendant to plaintiff, for his said services during said time, the sum of one hundred and fifty dollars and ninety-five cents.

"And the defendant excepts to each and every one of said conclusions of law, and to the decision of the court in said conclusions."

This record presents the question, whether a county auditor is entitled, as fees for managing the school fund of the county, to one per cent. per annum upon the whole amount of the permanent fund, or to one per cent. only upon the amount which he actually loans.  The decision of this question will at once dispose of the question raised upon demurrer to the second paragraph of answer, and also of the question raised upon the conclusions of law upon the facts stated in the finding of the court.

In addition to the fifteen hundred dollars per year which shall be allowed to a county auditor for his services, as provided in section 11 of the fee and salary act of March 12th, 1875, 1 R. S. 1876, p. 471, it is provided, amongst other fees, in section 12 of the same act, that he " shall receive one per cent. for managing the school fund of the county, and no other fee or compensation therefor."

In the case of *Hanlon* v. *The Board*, etc., 53 Ind. 123, we have decided, under section 2 of the "Act to provide for a general system of common schools," etc., 1 R. S. 1876, p. 779, that the fund therein " denominated the common school fund," and the fund " denominated the congressional township school fund," together constitute " the common school fund of the county," within the meaning

of section 12, *supra*, of the fee and salary act; and that the county auditor was entitled to his percentage, as fees, only upon this fund. That case, however, does not expressly decide what the rate of per cent. allowed shall be, nor whether it shall be allowed upon the whole amount under his management, or only upon such amount as he shall actually loan. But the words, " for managing the school fund of the county," have, we think, a wider meaning than managing that part of the school fund which may be loaned in any given year. The whole fund is under the management of the auditor, and he is responsible for the discharge of his duty toward the whole, and we think he is entitled to his per cent. upon the whole fund. To restrict his fees to the per cent. on the amount loaned, would yield him some years more, some less, perhaps some years nothing, while his duties would be uniformly the same, namely, to prudently manage the whole fund; and from his duty to manage the whole fund the corollary, that he is entitled to his fees on the whole fund, is fairly inferable.

Of course, following the case of *Hanlon* v. *The Board, etc.*, *supra*, by the words, " school fund of the county," we do not include the fund arising from other sources, " denominated the school revenue for tuition."

As to this fund, the auditor takes his office *cum opere*, and is not entitled to any fees for its management.

This course of reasoning conducts us to the conclusion that the court did not err, either in sustaining the demurrer to the second paragraph of the answer, or in the conclusions of law on the facts stated in the finding.

The judgment is affirmed, with costs.