THE BOARD OF COMMISSIONERS OF HARRISON COUNTY *v.* LESLIE.

COUNTY.—*County Auditor.*—*Deputy or Employee.*—*Posting Notices of Sale.*— *School Fund Mortgage.*—*Fees and Salaries.*—*Principal and Agent.*—In giving notice of a sale of real estate embraced in a school fund mortgage,

as required by section 95 of the school law, 1 R. S. 1876, p. 801, while the fee and salary act of March 12th, 1875, was in force, it was the personal duty of the county auditor to post notices of such sale without other compensation than was provided for him in the latter act for managing the school fund of his county; and one who, under employment by the county auditor, performed such duty, could look only to the county auditor personally, and not to the county, for compensation.

From the Harrison Circuit Court.

*W. A. Porter*, for appellant.

*L. Jordan* and *H. Jordan*, for appellee.

Howk, C. J.—In this case, the appellee presented to and filed with the appellant, at its June term, 1876, an open account for allowance and payment, of which account the following is a copy:

"Board of Commissioners of Harrison county, Indiana,
"To Charles E. Leslie, Dr.

"1876, April. For posting notices of sale of advertised lands, forfeited to the school fund, of the following persons, to wit:

[We give only the initials of the persons named.]

"J. S. (2 mortgages)..............................$5.00
"J. M................................................... 2.50
"J. M. W.............................................. 2.50
"B. B.................................................... 2.50
                                                          _____
                                                          "$12.50."

The appellant rejected and refused to allow said account; and from this decision the appellee, Leslie, appealed to the circuit court.

The cause was tried by the court without a jury, and a finding was made for the appellee in the sum of ten dollars and fifty cents.

The appellant's motion for a new trial was overruled, and its exception was saved to this decision.

The court rendered judgment on its finding, from which judgment this appeal is now prosecuted.

The appellant has assigned, in this court, the overruling of its motion for a new trial by the court below, as error. The causes assigned for such new trial were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

A bill of exceptions, containing the evidence on the trial, is properly in the record.

The testimony of the appellee, as a witness in his own behalf, was " all the evidence given in the cause." The appellee's testimony was as follows:

"I was employed by Cortez M. Miller, auditor of the county, to put up notices in different parts of the county, of the sales of lands forfeited to the school fund, as per my bill of particulars filed herein. I furnished my own horse, and was engaged three and one-half days in posting up said notices, and the services of myself and horse were worth three dollars per day."

It will be seen that the only question for decision, in this case, is this : Is the appellant liable to the appellee for the value of the services rendered by him, at the instance and under the employment of the auditor of Harrison county? We are clearly of the opinion that this question must be answered in the negative. The statute, known as the common school law of March 6th, 1865, makes it the duty of the county auditor to manage the school fund of his county, to make loans thereof on mortgage security, and, if default is made in the payment of either interest or principal, to collect the same by suit or by sale of the mortgaged premises. 1 R. S. 1876, p. 778, *et seq.* If the auditor shall elect to collect the loan and interest by sale, it is provided in section 95 of the common school law as follows:

" Before sale of mortgaged premises, the auditor shall advertise the same in some newspaper printed in the county where the land lies, if any there be, otherwise in a paper

in the State nearest thereto, for three weeks successively, and also by notice set up at the court-house door, and in three public places in the township where the land lies." 1 R. S. 1876, p. 801.

This section makes it the personal duty of the county auditor to post the notices of his sales, in his management of the school fund of his county. Of course, he could procure this posting to be done by some one for him; but, in that event, whoever did it, would act for him and under his employment, and not under the employment of his county.

In the last sentence of section 12 of the fee and salary act of March 12th, 1875, it is provided, that " Auditors shall receive one per cent. for managing the school fund of the county, and no other fee or compensation therefor." 1 R. S. 1876, p. 471.

In the management of the school fund of his county, it became and was the personal duty of the auditor of Harrison county to post the notices mentioned in the appellee's account sued on in this action. If the auditor had posted those notices, in his own proper person, it is very certain that he would not have any valid claim against his county for such services ; and, as the appellee was merely the agent or servant of the auditor, and acting for him, in posting the notices, the appellee could not, it seems to us, acquire or assert any valid claim against the appellant for the value of his services.

In section 15 of the fee and salary act above referred to, it is provided, that " The board of county commissioners shall make no allowance, not specially required by this act, to any county auditor, * * * either directly or indirectly, nor to any clerk, deputy, bailiff or employee of such officer," etc. 1 R. S. 1876, p. 472.

On the face of his claim, in this case, the appellee asked an allowance for services rendered by him, as an employee

of the county auditor. The appellant was expressly pro-- hibited, in and by said section 15, from allowing the ap- pellee's claim. If the appellant had no right to allow such claim, it is clear that the circuit court had no such right, on appeal from the board of commissioners. *Hanlon* v. *The Board, etc., of Floyd County*, 53 Ind. 123 ; and *The Board,. etc., of Greene County* v. *Stropes*, 58 Ind. 54.

We think that the finding of the court below, in this. case, was contrary to the law, and for this reason we hold that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the ap- pellant's motion for a new trial, and for further proceed- ings in accordance with this opinion.