No. 8887.

STROPES *v.* THE BOARD OF COMMISSIONERS OF GREENE COUNTY.

COUNTY AUDITOR.—*Fees for Making Assessors' Books and Blanks, and for Enumeration of Inhabitants.*—Under the fee and salary act of 1875, county auditors were not entitled to compensation for preparing books and blanks for assessors, nor for the enumeration of inhabitants required by the act of December 21st, 1865.

From the Greene Circuit Court.

E. E. Rose and E. Short, for appellant.

W. I. Baker and L. Shaw, for appellee.

WOODS, C. J.—The appellant, as auditor of Greene county, presented before the board of commissioners of the county, for allowance, a claim for the following services:

(1). For making assessors' books for the several townships of the county, for the years 1876 and 1879 inclusive (itemized), $940.40.

(2). " Extra services, making record of orders for railroad election; presiding at boards of railroad election returns; making record and filing papers; returns of railroad election; placing railroad tax on duplicates; apportioning same in settlements when collected, and making records for paying out and issuing warrants on treasurer for same, when ordered to be paid out, $150."

(3). " Services in the enumeration of the white and colored voters, 1876, $26.60."

The board of commissioners rejected the claim, and, on an appeal, the circuit court sustained a demurrer to the claim.

In reference to the items for making assessors' books, counsel for the appellant say: " It must be remembered that these charges are not for making the books for the assessment of real property, but for the intervening years, when only personal property was to be assessed, and as the law does not require the auditor to make these books only for the years that real property is to be assessed, and other years only to furnish blanks, we conclude that it is extra work that should be paid for outside of the regular salary. See 1 R. S. 1876, p. 99, section 109."

The section referred to, which is found in the act of 1872 for assessment of taxes, requires the auditor " to furnish the assessor with all blanks necessary in the discharge of his official duties." See, also, section 271 of same act, and the proviso in section 7 of the act of March 11th, 1875, 1 R. S. 1876, p. 99,

by which these requirements in reference to county assessors are made applicable to township assessors. By section 50 of the fee and salary act of 1875, 1 R. S. 1876, p. 480, any board of commissioners was authorized to make allowances for blanks furnished for the use of the county.

The claim of the appellant, however, is not for blanks or books furnished for the county, but for personal services in making the books. For this no warrant is found in the law. By the 11th section of the fee and salary act it is declared that each auditor "shall be allowed the sum of fifteen hundred dollars per year for his services and no more," except as provided in that act; and there is no provision in the act on which the claim as made can be based. On the contrary, sections 15 and 33 expressly forbid any allowance to the auditor and other officers, "not specially required by this act." See *Board, etc.,* v. *Leslie,* 63 Ind. 492; *Wright* v. *Board, etc.,* 82 Ind. 335.

The statement of the second item of the claim, unaided by a bill of particulars, we deem too indefinite to present any question.

In so far as the act of December 21st, 1865, 1 R. S. 1876, p. 452, section 15, in respect to the enumeration of inhabitants, provided that county auditors should receive fees for their services under the act, it is inconsistent with, and therefore repealed, by the fee and salary act of 1875.

Judgment affirmed.