Miller *v.* Boone County.

**Filed Oct. 12, 1892.**

No. 627.

MILLER *v.* BOONE COUNTY.

COUNTY.—*Liability of to Sheriff Attending Court.*—A county is liable to a sheriff for services performed by him as sheriff in attending and preserving order at the sessions of the circuit court of the county.   Section 5868, R. S. 1881, requires him to attend and preserve order at such sessions, and section 5874 provides that he shall have two dollars for each day's actual attendance upon court, either in person or by deputy.   The several statutes upon the subject clearly and unequivocally indicate that the expenses of all the necessary incidentals of courts should be paid by the respective counties.   See section 1415 and 1416, R. S. 1881.

From the Boone Circuit Court.

*S. M. Ralston* and *M. Keefe,* for appellant.

*O. P. Mahan,* for appellee.

CRUMPACKER, J.—Miller sued Boone county for services performed by him as sheriff in attending and preserving order at the sessions of the Boone Circuit Court. A demurrer to the complaint was sustained, and final judgment was rendered thereon, from which this appeal is prosecuted. The sole question for decision is relative to the liability of the county to the appellant as sheriff for attending the sessions of the circuit court. Other objections to the complaint are suggested by counsel for appellee, but they are unsubstantial, and merit no consideration.

It was said by the Supreme Court in the case of *State, ex rel.,* v. *Roach,* 123 Ind. 167, that before a public officer has the right to demand and receive fees for services performed for a county, in the absence of a contract, he must show:

"*First.* A statute authorizing him to receive compensation for such services, and fixing the amount thereof; and,

"*Second.* A statute authorizing the commissioners to pay for such services out of the county treasury." The claim in the present case accrued under and must be determined by the statutes and fee bill in force prior to 1891.

Section 5868, R. S. 1881, prescribes, among other things, that the sheriff of each county shall " attend upon and preserve order in all courts of record of his county, except justices' courts." Section 5874 provides that in all cases where a sheriff shall perform services for his county under the requirement of the law, and there is no provision for the payment for such services, the board of county commissioners shall allow and pay such sheriff the same compensation as is allowed by law for similar serv-

ices. This section further provides that the sheriff shall have two dollars for each day's actual attendance upon court, either in person or by deputy. Here, then, is an express statute requiring the sheriff to attend court and preserve order therein, and another fixing his compensation at two dollars a day for such service.

It must be conceded that no person or body politic other than the county is chargeable with the payment of such fee, and if the latter is not liable for it the Legislature stands in the attitude of having expressly fixed a fee for the service, intending that it should not be paid. If it had been the intention of the Legislature that the sheriff should attend court without compensation, it would seem that none would have been prescribed for that service. In the distribution of powers to the county governments, the law imposes upon them the duty of maintaining the circuit courts, and requires them to provide court houses, fuel, light and other things necessary to the administration of the law. Counties, by express statute, are required to pay petit jury fees and the fees and expenses of grand juries, and they are empowered to levy and collect taxes for all such purposes. It is just as necessary to have an officer present to preserve order and enforce the rules of the court as it is to have the court room furnished, heated or lighted. The several statutes upon the subject clearly and unequivocally indicate that the Legislature intended that the expenses of all these necessary incidentals of courts should be paid by the respective counties. See sections 1415 and 1416, R. S. 1881.

The act of February 28th, 1883 (Acts of 1883, p. 48), providing in effect that no claim shall be allowed against any county in favor of a public officer for services, except there be clear and unequivocal authority so to do, was designed to cut off what are known as "constructive fees," and adds little, if anything, to the laws already in force. It amounts to nothing more than the emphasizing

of the legislative sentiment in favor of a strict observance of the laws. Counties are only liable by virtue of statutory enactment, and he who asserts a claim against a county must show authority in law for its payment.

There is clear and unequivocal authority for the board of commissioners to allow the sheriff the statutory *per diem* for attending and preserving order in the courts.

The judgment is reversed.

## ADDITIONAL OPINION.

BLACK, J.—A sheriff or other county officer is not entitled to demand of the board of county commissioners compensation for services, performed by him in his official capacity, unless he can show not only a statute authorizing him to receive compensation for such service and fixing the amount of such compensation, but also a statute expressly authorizing the board of county commissioners to allow payment for such services out of the county treasury.

It is an official duty of the sheriff to attend upon and preserve order in all courts of record of his county, except justices' courts.

Section 5874, R. S. 1881, is as follows:

"In all cases where the sheriff shall perform any service for the county, required by law to be performed by him, and there is no provision for its payment, the board of county commissioners shall allow and pay such sheriff the same compensation as is allowed by law for similar services; but the sheriff shall make out an itemized statement of all such service performed for such county, before such allowance is made; but such allowance shall not be made unless such statement shall be filed with the auditor ten days before the commissioners' court meets, and any citizen may resist the allowance of said account. For attending court, in person or by deputy, for each actual day's attendance, two dollars."

This section, taken as an entirety, is susceptible of being construed as expressly, if, indeed, somewhat obscurely, providing that the board of county commissioners shall allow and pay the sheriff for attending court in person or by deputy, for each actual day's attendance, two dollars.

This is the reasonable effect of the section, and no other reasonable construction can be given it.

I concur in the conclusion reached in the principal opinion.

