## BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY v. BUCHANAN.

[No. 2,925.    Filed November 18, 1898.]

OFFICERS.—*Entitled Only to Salary Provided by Statute.*—A public officer takes and holds his office for the compensation stipulated by statute whether the duties of the office be increased or diminished. *p. 180.*

SAME.—*Action by County Against Clerk to Recover Illegal Fees.— Payment on Order of Judge No Defense.—Statutes Construed.—* Under section 5854, R. S. 1881, construed with sections 6543 and 6544, Burns' R. S. 1894, a circuit court clerk was not authorized to receive fees for certifying to the county auditor jurors' and bailiffs' bills from time to time during the term; although he complied with the provisions of section 6029, R. S. 1881, requiring an officer in doubt as to the proper charge to be made for services rendered to present the matter to the circuit judge, since the allowance of such fees was in violation of section 6030, R. S. 1881. *pp. 181, 182.*

SAME.—*Allowance of Illegal Fees by Board of Commissioners No Defense in Action to Recover.*—The fact that an illegal claim for fees was allowed to a circuit court clerk by the board of county commissioners is no defense to an action by the county to recover such fees. *p. 183.*

From the Huntington Circuit Court. *Reversed.*

*O. W. Whitelock* and *S. E. Cook,* for appellant.

*J. B. Kenner* and *U. S. Lesh,* for appellee.

ROBINSON, J.—This cause was transferred to this court by the Supreme Court. Appellant brought this action against appellee to recover the sum of $722, alleged to have been illegally drawn from the county treasury as fees by appellee as clerk of the Huntington Circuit Court. The bill of particulars filed with the complaint shows, among other things, certain sums of money received during the years 1883, 1884, 1885, 1886, and 1887, by appellee from the county, arising out of fees taxed by him in issuing certificates to jurymen, court bailiffs and other officers. A demurrer was overruled to the complaint, and appellee an-

swered in three paragraphs, first of which was the general denial. A demurrer to the second paragraph was sustained. Overruling the demurrer to the third paragraph of answer is the first error assigned.

The action was commenced to recover back certain alleged fees, on the ground that they had been charged in violation of the fee and salary law of 1879, and the act supplemental thereto, approved February 28, 1883. It is argued that no. question is presented on the ruling on the demurrer to the third paragraph of answer, for the reason that the demurrer is joint, and is not addressed to the amended answer. The filing of the demurrer immediately follows the amended answer, and it is evident that the demurrer was addressed to the amended answer, and was so considered by the trial court. Nor is the objection that the demurrer is not addressed to each paragraph well taken. It is addressed "to the second and to the third paragraph, * * * on the ground that neither paragraph," etc. However, the record discloses that the demurrer was sustained to the second paragraph of answer, and as we construe the third paragraph of answer, the demurrer should have been sustained to it also.

In the third paragraph of answer, appellee admits having received the sums of money sought to be recovered; but he avers that at the beginning of his term of office "certain jurymen, who had rendered service as jurors in this court, presented to defendant as clerk statements drawn by the sheriff, showing the time of service and miles traveled by each, and they then and there demanded defendant's certificate as clerk to authorize the auditor to draw warrants for their payment, whereupon, such demand having been made before the close of the then current term, and defendant, being in doubt, both of his duty

and the proper charge to make for services in issuing such certificates, he brought the question before Hon. H. B. Sayler, then judge of this court, and was about to submit said question in writing, when said judge, in open court, directed defendant to certify as clerk from time to time, as presented, such bills for service by jurors and bailiffs of this court, so that such persons might promptly receive payment for their service in his court, and at the same time instructed defendant to tax a fee of fifty cents for each of such certificates, and file his claim therefor before the board of commissioners; that, in accordance with such order, defendant made certificates, for which he charged the sums claimed in the complaint, and filed his claim before the board of commissioners, which was allowed and paid accordingly." It is further averred that appellee relied upon said opinion in making such charges, and but for the opinion would have certified allowances for services at the end of each term, and that when he charged and presented his claim for such service he understood he was acting under the order of the court, so that such persons might receive payment for their service without delay.

It appears from this paragraph of answer that the fees in question were charged by appellee, as circuit court clerk, for certificates made by him from time to time, during the term of the circuit court, to parties entitled to fees as jurors. To entitle appellee, as such clerk, to receive fees from the county treasury for official duties, it is necesssary that he should show a statute providing such compensation, and fixing the amount thereof, and also a statute authorizing the board of county commissioners to pay such compensation out of the county treasury. *Noble* v. *Board, etc.,* 101 Ind. 127; *Wood* v. *Board, etc.,* 125 Ind. 270; *Board,*

*etc.,* v. *Johnson,* 127 Ind. 238; *State, ex rel.,* v. *Roach,* 123 Ind. 167. The act in force at the time the fees in question were charged and collected provided that "all allowances made by the court at each term shall be certified to the auditor in one certificate; and for such certificate, and seal thereto, the clerk shall receive one dollar, to be paid out of the county treasury upon the order of the judge of the proper court." Section 5854, R. S. 1881. And by the act of 1883 it was provided that whenever a fee or sum of money was specified as compensation for any service, duty or thing, the same should be construed in full therefor. Section 6544, Burns' R. S. 1894. It is also provided by the act of 1883 that, "No county or township officer in this state shall, under color of his office, charge, tax up, or receive, or permit to be taxed up or received, in relation to any service in or about his office, any fee or sum of money, except such fee or sum of money as is plainly specified in the acts to which this is supplemental, without resort to implication." Section 6543, Burns' R. S. 1894.

It may be true, as argued by counsel, that appellee performed extra duties, but that gave him no right to charge an unauthorized fee. It has long been declared that a public officer takes and holds his office *cum onere;* that he undertakes to perform the duties of the office for the compensation stipulated, whether those duties be increased or diminished; and that compensation for any kind of service must be by virtue of statutory warrant. *Board, etc.,* v. *Barnes,* 123 Ind. 403, and cases there cited. The fact that jurors would be compelled to wait until the close of the term of court to receive their pay affords no excuse for charging any extra fees. If the legislature has provided an inconvenient method for doing a certain thing, the inconvenience must be borne until the

same power provides a different method. It is true it was provided by the act of 1879 (section 6029, R. S. 1881), that any officer being in doubt of the proper charge to be made for any service rendered shall in no sense charge any constructive fee, but he shall bring the question before the circuit judge of his county, in writing, and said judge shall decide the same, which decision shall be entered of record and which order shall authorize such charge to be made as found by the court. Even if a compliance with the provisions of this section authorized the collection of the fees in question, appellee cannot claim its protection in this case, for the reason that the third paragraph of answer shows that he did not comply with its provisions. But the above provisions do not authorize the circuit judge to allow any fee not provided for by some statute. Another section of the statute expressly prohibits such an allowance. Section 40 of the act of 1879 provided that "No judge of any court in this state shall make any allowance to any officer or person named in this act, except as in this act provided." Section 6030, R. S. 1881. It is true, the circuit court is given power to make allowances in certain cases and direct their payment out of the county treasury; and, where the amount to be allowed is not fixed by statute, the court may fix the amount. But such an allowance can be made only to a person who, under the law, is entitled to some allowance. Thus it has been held that "when a person under the law, is entitled to some allowance, the sum settled and allowed by the court will be *prima facie* evidence as to the correctness of the amount allowed; but where the person in whose favor such allowance is made is not, under the law, entitled to either fees, charges, or expenses, then such allowance will be void." *Board, etc.*, v. *Summerfield*, 36 Ind.

543; *Trant* v. *State, ex rel.*, 140 Ind. 414; *Board, etc.*, v. *Pollard*, 17 Ind. App. 470.   See, also, *In re Petition Stroh, Sheriff*, 149 Ind. 164.

The fact that the claim for the fees in question was filed before the board of county commissioners, and was allowed and paid accordingly, constitutes no defense to this action.   The Supreme Court has held that the board of commissioners cannot bind the county by allowing an unlawful claim and that the payment of such a claim in defiance of a statute is not a payment by the county within the rule that a payment under a mistake of law cannot be recovered. *Board, etc.*, v. *Heaston*, 144 Ind. 583.

In the case of *Miller* v. *Boone County*, 5 Ind. App. 225, cited by appellee's counsel, the question was not whether there was any statute allowing a fee to the sheriff for attending and preserving order at the session of the circuit court, but whether the fee fixed by the statute for such service should be paid out of the county treasury.

In the case of *Noble* v. *Board, etc.*, *supra*, appellant, as clerk of the circuit court, filed with the auditor of the county a claim made up of various items, among which was "44 certificates to auditor for jurymen, 50, $22.00." A part of the claim was allowed by the board of commissioners, but upon appeal the circuit court refused to allow any part of the claim.   In affirming the judgment the court said:   "We have been unable to find any statutes which fix any compensation for the clerk for performing any of the services above specified, or which authorize the county boards to pay for such services out of the public treasury, and as neither the appellant nor his counsel have pointed out any law for either, we have some confidence that none exists."   See *Lee* v. *Board, etc.*, 124 Ind. 214; *Board,*

*etc.,* v. *Fullen,* 118 Ind. 158; *Stropes* v. *Board, etc.,* 84 Ind. 560; *Stiffler* v. *Board, etc.,* 1 Ind. App. 368.

The doctrine announced in the above case of *Noble* v. *Board, etc., supra,* is controlling in the case at bar. Not only was there no statute authorizing the collection by the clerk of the fees in question, but as we construe the statute, the legislature has declared positively against the charging and collecting of such fees. The demurrer to the third paragraph of answer should have been sustained. Judgment reversed, with instructions to sustain the demurrer to the third paragraph of amended answer.