EDWARD S. WATERS & others *vs.* PIERRE BONVOULOIR.

Hampden.    September 27, 1898. — January 4, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Appropriation of City Money from Contingent Fund for Unauthorized Purpose — Injunction.*

The appropriation of money made on the recommendation of the mayor of the city of Holyoke by the board of aldermen from the contingent fund to defray the expenses of a committee composed of the mayor and certain members of the board of aldermen to attend a convention of American municipalities in another State, where subjects pertaining to the administration of cities are to be discussed and which the city of Holyoke has received an invitation to attend, is authorized neither by the general laws nor by the charter of the city ; and the city treasurer may be enjoined from the payment of the money.

PETITION IN EQUITY, filed June 8, 1898, by ten taxable inhabitants of the city of Holyoke, to restrain the city treasurer from the payment from the city treasury of any money called for by the following order of the board of aldermen, passed on June 7, 1898 : " Ordered that a committee of five, including the president of the board of aldermen, be authorized to attend the Convention of American Municipalities at Detroit, said committee to be appointed by the president, and the expense to be paid from the contingent account. Voted to include the mayor on the above committee." Hearing before *Knowlton*, J., who was of opinion that the injunction ought to be issued, as prayed for, but, at the request of the defendant, reported the case for the consideration of the full court.

*J. B. Carroll*, for the defendant.

*A. B. Chapin*, for the plaintiffs.

FIELD, C. J.   This is a petition brought under Pub. Sts. c. 27, § 129, by ten taxable inhabitants of the city of Holyoke to restrain the defendant as city treasurer from paying money out

of the treasury of the city in accordance with an appropriation of five hundred dollars, made on the recommendation of the mayor by the board of aldermen, by a vote of 16 yeas to 5 nays. The appropriation was from the contingent fund to defray the expenses of a committee consisting of the mayor and four aldermen in attending a convention of American Municipalities at Detroit, Michigan, where subjects pertaining to the administration of cities were to be discussed, and which the city of Holyoke had received an invitation to attend. This convention was under the charge of the League of American Municipalities, whose constitution provided that its objects were: "First, the perpetuation of the organization as an agency for the co-operation of American cities in the practical study of all questions pertaining to municipal administration; secondly, the holding of annual conventions for the discussion of contemporaneous municipal affairs; thirdly, the establishment and maintenance of a central bureau of information for the collection, compilation, and dissemination of statistics, reports, and all kinds of information relative to municipal government."

The charter of Holyoke is St. 1896, c. 438, the last part of § 13 of that chapter is as follows: "The board [of aldermen] shall, so far as is not inconsistent with this act, have and exercise all the legislative powers of towns and of the inhabitants thereof, and shall have and exercise all the powers now vested by law in the city of Holyoke and in the inhabitants thereof, as a municipal corporation, and be subject to all the liabilities of city councils, and of either branch thereof, under the general laws of the Commonwealth, and it may by ordinance prescribe the manner in which such powers shall be exercised. Its members shall receive no compensation for their services as members of the board of aldermen, or of any committee thereof." Section 14 is as follows: "Neither the board of aldermen nor any member or committee thereof shall directly or indirectly take part in the employment of labor, the making of contracts, the purchasing of materials or supplies, the construction, alteration, or repairs of any public works, buildings, or other property, or the care, custody, or management of the same; or in the conduct of any of the executive or administrative business of the city, or in the expenditure of public money, except as herein

otherwise provided and except such as may be necessary for the
contingent and incidental expenses of the board of aldermen ;
nor in the appointment or removal of any officers except as is
herein otherwise provided.   But nothing in this section contained
shall affect the powers or duties of the board in relation to city
aid to disabled soldiers and sailors and to the families of those
killed in the civil war." Section 23 is as follows : " No mem-
ber of the board of aldermen shall, during the term for which
he is elected, hold any other office in or under the city gov-
ernment, have the expenditure of any money appropriated by
the board of aldermen, or act as counsel in any matter before
the board of aldermen or any committee thereof; and no per-
son shall be eligible for appointment to any municipal office
established by the board of aldermen during any municipal year
within which he was an alderman, until the expiration of the
succeeding municipal year."

· The question is whether the appropriation of five hundred
dollars from the contingent fund to pay the expenses of the
committee to the convention of the American Municipalities at
Detroit, is authorized by the general laws with reference to
towns and cities, or by the charter of the city of Holyoke.
Pub. Sts. cc. 27 and 28, and the amendments thereof, define
the powers of towns and cities, and city councils.   The ap-
propriation shown in the present case is not for the payment
of " necessary charges " within the meaning of Pub. Sts. c. 27,
§ 10.   Necessary charges are confined to matters in which a
town or city has a duty to perform, an interest to protect, or a
right to defend.   *Minot* v. *West Roxbury*, 112 Mass. 1.   *Coolidge*
v. *Brookline*, 114 Mass. 592.   *Spaulding* v. *Peabody*, 153 Mass.
129.   *Swift* v. *Falmouth*, 167 Mass. 115.

Pub. Sts. c. 28, § 13, is as follows : " The city council of a city
may, by a yea and nay vote of two thirds of the members of each
branch thereof present and voting, appropriate money, not ex-
ceeding in any one year one fiftieth of one per cent of its valu-
ation for the current year, for armories for the use of military
companies, for the celebration of holidays, and for other public
purposes."   It is contended that the appropriation shown in the
present case is for " other public purposes," within the meaning
of this section of the statutes.   The appointment of a committee

" to represent the city of Holyoke at the Convention of American Municipalities to be held at Detroit, Mich., from August 1st to 4th, inclusive," does not seem to be for any distinct public purpose within the meaning of the charter of the city or of the general laws. The purpose apparently is to educate the committee generally with reference to all questions pertaining to municipal administration anywhere. It is not confined to the ascertainment of facts for the information of the board of aldermen of the city of Holyoke concerning questions actually pending before the board. There is nothing in the statutes of the Commonwealth which authorizes the city of Holyoke to become a member of the League of American Municipalities, and the attendance of a committee made up of the mayor and certain members of the board of aldermen upon any meeting of that League is for the purpose of listening to or taking part in general discussions concerning municipal administration. The general education of the mayor and aldermen upon all matters relating to municipalities in the United States and Canada is not, we think, a public purpose, and cannot be paid for out of the funds of the city. An injunction should be issued as prayed for.

*So ordered.*