EDWARD A. SMITH, APPELLEE, v. ELIAS HOLOVTCHINER ET AL., APPELLANTS.

FILED MAY 5, 1917.   No. 19452.

Schools and School Districts: EXPENSES OF OFFICERS: INJUNCTION. Expenses incurred by the president of the board of education and the superintendent of schools, at Omaha, Nebraska, in attending a congress of school hygiene, under the authority of the board, for the purpose of securing general information on the subject of school hygiene, are not necessary expenses incurred in the performance of official duties, and the treasurer of the board may be enjoined from the payment of such expenses.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Carl E. Herring,* for appellants.

*T. E. Brady, contra.*

CORNISH, J.

On August 18, 1913, the board of education of Omaha, by resolution, directed Elias Holovtchiner, president of the board, and Ellis U. Graff, superintendent, to attend as delegates the Fourth International Congress on School Hygiene, to be held at Buffalo, New York, and also to visit several technical schools at the board's expense. This action was brought to enjoin the payment of $250, traveling expenses, incurred in carrying out the order of the board. From the court's order, granting the injunction, this appeal is taken.

Section 7027, Rev. St. 1913, provides for the levy and collection of taxes deemed necessary, as shown by the report of the board, for school purposes named, including the support of schools, purchase of school sites, and erection and furnishing of school buildings. Statutes granting power to tax are construed strictly. The purpose for which the tax is levied must come within the statute from which the power is derived. The corporation possesses only such powers as are specifically granted, and such others as are necessary for the purpose of carrying into effect those expressly given.

Cases, challenging the right to expend the public funds for expenses of public officers in attending conventions, have been before the courts, and the courts appear to have uniformly held that these are not within the scope of proper public expenditures. In the case in hand, the real object in attending the convention was educational. Strictly speaking, it had nothing directly to do with either the support of the schools, or the erection and furnishing of school buildings. Counsel for appellants believes that modern conditions require a more liberal rule. While it cannot be disputed that the municipality might derive great benefit from what its delegates might learn at the convention, yet experience has shown that, when the control of a fund and the use of it may be lodged in the same person, a situation arises which is subject to such flagrant abuses that courts have thought that this was an additional reason for that rule of strict construction made to protect the rights of taxpayers.

Expenditures of this sort, necessary to ascertain a particular fact upon which the action of the board in the management of schools is to depend, stand upon a different footing. In the instant case, the expenses of visiting the technical high schools are commingled in the claim with the expenses incurred in attending the convention. Whether such expenses would be lawful or not, since unlawful items are included that cannot be paid from money obtained by taxation, the claim should not have been allowed. For

cases bearing upon the question above discussed, see *Waters v. Bonvouloir,* 172 Mass. 286; *James v. City of Seattle,* 22 Wash. 654; *Minot v. Inhabitants of West Roxbury,* 112 Mass. 1; *Gregory v. City of Bridgeport,* 41 Conn. 76; *Austin v. Coggeshall,* 12 R. I. 329.

The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.