Clark *v.* Board of Commissioners of Howard
County et al.

[No. 11,280. Filed June 1, 1922.]

1. Towns.—*Township Trustees.— Compensation. —Enumeration
of Male Adults of Township.—Statutes.*—Notwithstanding that
§15 of the Acts of 1865 (Acts 1865 p. 41, §7132 *et seq.* Burns
1914), making it the duty of a township trustee to take the
enumeration of the male adult inhabitants of the township,
provides that such officer shall be entitled to the same com-

pensation for performing that duty as for enumerating children for school purposes, a township trustee cannot recover from the township compensation paid to assistants employed by him to take the enumeration of adult male inhabitants, since §§1, 4, 9 of the act of 1917 (Acts 1917 p. 602, §9589 *et seq.* Burns' Supp. 1921), providing that township trustees "shall receive no other compensation whatever" than that stipulated therein, and fixing no compensation for the taking of such enumeration, and declaring that "all laws and parts of laws in conflict with any of the provisions of this act are hereby repealed," repeats that part of the earlier act allowing the payment of compensation to a township trustee for taking the enumeration of the male adult inhabitants of the township. p. 311.

2. STATUTES.— *Construction.— Acts Passed by Same Legislature.*—Acts passed by the same legislature are to be construed together, if it can be done consistently. p. 312.

From Howard Circuit Court; *William C. Overton,* Judge.

Action by Charles B. F. Clark against the Board of Commissioners of Howard county and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John B. Joyce,* for appellant.

*Bell, Kirkpatrick & McClure* and *Lloyd McClure,* for appellees.

NICHOLS, P. J.—Action by appellant to recover $218.25 paid assistants appointed by him as trustee of Center township, Howard county, Indiana, to enumerate the voters of said township in the year 1919.

The complaint avers in substance that appellant was at the time involved, trustee of said township and as such charged with the duty of enumerating the male inhabitants of the township over the age of twenty-one years, between January 1, and July 1, 1919. Said township was of the fourth class. It was at that time necessary for said trustee to have a stenographer in his office to assist him in his official duties whose services

were worth $500 per year and which sum was paid to her. All of the time of appellant and his stenographer was required in the performance of the duties of the office of trustee other than making the enumeration aforesaid. Appellant therefore appointed three assistants at $3 per day being the sum paid for the enumeration of children for school purposes. Said assistants having qualified, performed the services aforesaid requiring a total of seventy-three and three-fourths days. They thereafter filed their respective claims for compensation with the county auditor and because of the failure of the commissioners to act, though the county counsel had appropriated the necessary funds, said trustee paid said assistants from his personal funds, and they assigned their respective claims to him in the total sum of $218.25. The county commissioners thereafter rejected the claims and still refuse to allow the same. There are funds appropriated out of which they can be lawfully paid. There was a demand for judgment in the sum of $300.

The court's action in sustaining a demurrer to this complaint is the only error assigned.

The act requiring the trustee to perform the duties of his office here involved was passed by the legislature of 1865, (Acts 1865 p. 41, §7132 et seq. Burns 1914)

1. so that at the time of the passage of Ch. 159 of the acts of 1917 (Acts 1917 p. 602, §9589g et seq. Burns' Supp. 1921) concerning township officers, fixing and regulating their compensation, it was one of the duties of the township trustees to take the enumeration of male inhabitants over twenty-one years of age. By §1 of this act, (Acts 1917 p. 602, supra) it is expressly provided that: "Township officers herein named shall receive for their services the compensation provided by this act and they shall receive no other compensation whatever." By §4 of the act, (Acts 1917 p. 602, supra)

in addition to the salary of $1,500 provided for the trustees of fourth class townships, such as Center township, an appropriation of not to exceed $500 was permitted for clerical assistance; of not to exceed $240 per year for office rent; of not to exceed $300 per year for expenses incurred in the discharge of official duties, and in addition to the foregoing an allowance of fifty cents for each mile of public ditches constructed, cleaned or repaired each year. There is no provision for any compensation to the trustee other than the foregoing. Appellant contends that he is entitled to his compensation for the services here involved under §15, of the act of 1865, Acts 1865 p. 41, §7146 Burns 1914, wherein it is provided that township trustees shall be entitled to the same compensation for taking the enumeration provided for in the act that they may be entitled to by law for enumerating children for school purposes. But we are not in harmony with this view of the law. Section 4 of the act of 1917, (Acts 1917 p. 602, *supra*) after expressly providing that the township trustees, for all of their services shall receive in townships of the fourth class $1,500 together with other allowances above mentioned, expressly provides by §9 that: "All laws and parts of laws in conflict with any of the provisions of this act are hereby repealed." The provision of the act of 1865 is in irreconcilable conflict with the act of 1917, for the later law expressly says that the compensation therein provided is for all of the trustee's services and that he shall receive no other compensation.

We do not regard the case of *Seiler* v. *State, ex rel.* (1903), 160 Ind. 605, 65 N. E. 922, 66 N. E. 946, 67 N. E. 448, and *State, ex rel.* v. *Flynn* (1903), 161 Ind. 554, 69 N. E. 159, as cases in point. Without entering into a discussion of these cases we only need to say that the first case involves an allowance by the court made for printing bar dockets which

is not a duty required of the clerk by the law; and an allowance by the court for *per diem* for attending the sessions of the court and it was held that such allowances were not fees within the meaning of §114 of the Fees and Salary act of 1895. The second case involved the construction of two acts that were passed at the same legislature, and it is a well established rule of law that such acts are to be construed together, if it can be done consistently. The two acts here involved were not passed by the same legislature, the first antedating the second by more than fifty years. It will be observed that §7146 Burns 1914, *supra,* makes provision for compensation to the auditor similar to that of the trustee and it was held in the case of *Stropes* v. *Board, etc.* (1882), 84 Ind. 560, that the provision made for the auditor in such section was inconsistent with the Fees and Salary act of 1875 in which there was a provision made for a salary compensation to the auditor. It seems to us that case is decisive of the question here involved.

The court did not err in sustaining the demurrer to the complaint. The judgment is affirmed.