Lake County *v*. Neuenfeldt—78 Ind. App. 566.

*Reserve Life Ins. Co.* v. *Ross* (1908), 42 Ind. App. 621, 86 N. E. 506; *Vapinski* v. *Tosetti* (1913), 53 Ind. App. 547, 102 N. E. 51.

Judgment affirmed.

## LAKE COUNTY *v*. NEUENFELDT.

[No. 11,398.   Filed October 10, 1922.]

1. PAUPERS.—*Superintendent of County Poor Asylum.—Compensation.— Statutes.*— The superintendent of the county poor asylum, which office is created by statute (§§9781-9787 Burns 1914, Acts 1899 p. 103), is a public officer, and as such is entitled to compensation for services rendered by him in his official capacity only when it is authorized by law.   p. 568.

2. PAUPERS.—*Superintendent of County Poor Asylum.—Powers. —Directions of Board of State Charities.—Statute.—Construction.*—The provision in §9784 Burns 1914, Acts 1899 p. 103, that the superintendent of a county poor asylum "shall be guided by suggestions which may be made to him by the board of state charities" does not add to the authority and powers of that officer, the significance of such provision being that the superintendent, in performing the duties imposed upon him by law, shall do so in accordance with the suggestions of the board of state charities.   p. 568.

3. PAUPERS.— *Superintendent of County Poor Asylum.— Attendance at Meetings of Charity Organizations.—Reimbursement for Expenses by County.— Legality.*— There being no statute making it the duty of the superintendent of a county poor asylum to attend meetings of charity organizations, the county board of commissioners have no authority to instruct that official to attend such meetings and reimburse him for his expenses so incurred, and their action in so doing is void, notwithstanding that such attendance was requested by the board of state charities.   p. 568.

From Lake Circuit Court; *E. Miles Norton*, Judge.

Action by the Attorney-General, on behalf of Lake County, against August W. Neuenfeldt. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*U. S. Lesh*, Attorney-General, and *Dale F. Stansbury*, for appellant.

REMY, J.—Action by the Attorney-General, under the provisions of the public accounting law (§§7546y, 7546z Burns 1914, Acts 1911 p. 195) in the name of appellant, to recover from appellee a certain sum of money which had been paid to appellee while he was superintendent of the Lake county poor asylum, as and for the expenses of himself and wife in attending meetings of state and national charity associations. To the complaint which is drawn upon the theory that appellee's claim against the county was illegally allowed and paid, appellee filed a special answer setting forth that at the time the expenses in controversy were incurred he was the superintendent of the Lake county poor asylum, and his wife was the matron of that institution; that as such superintendent and matron he and his wife were requested in writing by the secretary of the board of state charities to attend certain meetings of charity organizations of the state and nation; that thereafter appellee presented to the board of commissioners of Lake county the written request, and asked for instructions and directions in regard thereto; that appellee and his wife, as superintendent and matron, were thereupon instructed to attend the various meetings of charity organizations; and that the board of commissioners agreed to pay the necessary expenses incurred thereby; that pursuant to such instructions appellee and his wife did attend the meetings, and the reasonable and necessary expenses incurred were $118.39, a claim for which was thereafter allowed by the board of commissioners of Lake county, and by the county paid to appellee.

A demurrer to the special answer was overruled; and appellant having refused to plead further, judgment was rendered in favor of appellee, from which judgment this appeal is prosecuted. The action of the trial court in overruling the demurrer is assigned as error.

The statute of this state which creates the position

of superintendent of the county poor asylum, and provides for his appointment by the board of county
1-3.    commissioners, also fixes the duties of the superintendent, which duties involve the exercise of a portion of the sovereign power. §§9781, 9782, 9785 Burns 1914, Acts 1913 p. 961; §§9783, 9784, 9786, 9787 Burns 1914, Acts 1899 p. 103. Such superintendent is, therefore; a public officer. *Shelmadine* v. *City of Elkhart* (1921), 75 Ind. App. 493, 129 N. E. 878; *Sanders* v. *Belue* (1907), 78 S. C. 171, 58 S. E. 762. The law creating the office of superintendent of county poor asylum also provides for the appointment by the superintendent of a matron. It is well settled in this state that an officer of a county is entitled to compensation for services performed by him in his official capacity only when the same is authorized by law. *Noble* v. *Board, etc.* (1885), 101 Ind. 127. There is no statute making it the duty of the superintendent of the county poor asylum to attend the meetings of charity organizations, nor is there any statute in this state authorizing payment of the expenses incurred by those officers who may attend such meetings. The provision in §4 of the act of 1899 (Acts 1899 p. 103, *supra*) that the superintendent of a county poor asylum "shall be guided by suggestions which may be made to him by the board of state charities." does not add to the authority and powers of the superintendent. The significance of that provision is that such officer, in performing the duties imposed upon him by law, shall perform them in accordance with the suggestions of the board of state charities. It follows that the board of commissioners was without authority to allow the claim in controversy, and that its act in so doing was void. See *Smith* v. *Holovtchiner* (1917), 101 Neb. 248, 162 N. W. 630; *Waters* v. *Bonvouloir* (1899), 172 Mass. 286, 52 N. E. 500. See, also, *Board, etc.,* v. *Heaston* (1896), 144 Ind. 583, 43 N. E. 651, 41 N. E. 457,

55 Am. St. 192; *Sudbury* v. *Board, etc.* (1901), 157 Ind. 446, 62 N. E. 45. It may be, and doubtless is, true that meetings such as those attended by appellee and his wife, have their educational value, but that fact would not, in and of itself, authorize the allowance of the claim. On the same theory, boards of commissioners would be authorized to pay the personal expenses of circuit judges and prosecuting attorneys incurred by them while attending state and national bar associations. Public officers are presumed to have the necessary qualifications.

Judgment reversed, with instructions to sustain the demurrer to the answer, and for further proceedings not inconsistent with this opinion.