## BOARD OF COMMISSIONERS OF THE COUNTY OF BOONE v. LEWIS.

[No. 11,882. Filed June 26, 1924.]

1. OFFICERS.—*Fees and Salaries.—Only Those Authorized by Statute.*—An officer is entitled to compensation for services performed by him in his official capacity only when the same is authorized by law, and before an allowance is made to him for such services, he must be able to point to a statute authorizing such allowance. p. 602.

2. SHERIFFS.—*Attendance on Board of Review.—Compensation for.—Statutes.*—Since the statute (Acts 1920 p. 101, §10139i6 Burns' Supp. 1921) requires the sheriff to serve notices to taxpayers issued by the county board of review if they are not served by the county assessor, and "obey all orders of the board", it becomes his duty, when ordered by the board, to attend its meetings; for which he is entitled to the same compensation as for similar services, in view of §7335 Burns' Supp. 1921, Acts 1919 p. 605. p. 603.

3. SHERIFFS.—*Attendance on Board of Review.—May Be Ordered by the Board.—Sheriff Required to Attend.*—Since the tax law (Acts 1919 p. 198, §164, as amended Acts 1920 p. 101, §10139i6 Burns' Supp. 1921) provides that the sheriff of the county shall serve all process issued by the county board of review which is not served by the county assessor and "obey all orders of said board", it is the duty of a sheriff to attend the sessions of such board when ordered or requested to do so. p. 603.

From Boone Circuit Court; *Frank E. Hutchinson,* Judge.

Action by the Attorney-General in the name of the Board of Commissioners of Boone County against David N. Lewis, Sheriff. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*U. S. Lesh,* Attorney-General, and *D. F. Stansbury,* for appellant.

*Roscoe Hollingsworth,* for appellee.

NICHOLS, P. J.—Action by the Attorney General under the provisions of the public accounting laws, in the name of appellant, against appellee, to recover from

appellee $102 alleged to have been received by him while sheriff of Boone County, as compensation for services in attending the sessions of the county board of review of said county.

It is averred in the first paragraph of complaint, so far as here involved, that appellee filed in the office of the auditor of Boone County his claim for compensation for services as sheriff in attending the sessions of the county board of review of said county, in which claim he demanded $48, which was by the Board of Commissioners allowed in full, and paid from the treasury of said county, in addition to the salary allowed him by law. That the allowance of said claim, the drawing of the warrant, and the payment of same, was illegal, invalid and void, and had no binding force or effect in law; and that the said sum was wrongfully taken and received by appellant, and he still retains the same for his own use. There was a demand for judgment.

The second paragraph is identical with the first except as to the time of service and the amount claimed.

Appellee's demurrer to each of the paragraphs of complaint was sustained, and appellant failing and refusing to plead further and electing to stand upon its demurrer, judgment was rendered in favor of appellee, from which this appeal, the only error assigned being the action of the court in sustaining the demurrer to the complaint. This presents the question as to whether appellee, under the circumstances of this case, was entitled to the compensation involved.

It is rightly contended by appellant that an officer of a county is entitled to compensation for services performed by him in his official capacity only when

1. the same is authorized by law. *Lake County* v. *Neuenfeld* (1922), 78 Ind. App. 566, 136 N. E. 580. That before an allowance is made to him for his services, he must point out the particular statute author-

izing such allowance. *Legler* v. *Paine* (1896), 147 Ind. 181. Section 7335 Burns 1914, Acts 1909 p. 8, and §7335 Burns' Supp. 1921, Acts 1919 p. 605, after providing that the sheriff for attending court, in person or by deputy, for each day's actual attendance, shall receive $2, to be paid by the county, then provides that "in all cases where the sheriff shall perform any service for the county required by law to be performed by him, and there is no provision for its payment, the board of county commissioners shall allow and pay such sheriff the same compensation as is allowed by law for similar services."

Section 10279 Burns 1914, Acts 1891 p. 199, as well as §10139i6 Burns' Supp. 1921, Acts 1920 (Spec. Sess.) p. 101, provides that certain notices to be issued 2, 3. by the county board of review shall be served by the county assessor, and then provides that: "In case such county assessor neglects to serve the written notices herein provided for, they shall be issued by the auditor to the sheriff of the county who shall serve the same at least three days before the matter comes up for hearing. * * * The sheriff of the county shall serve all process not served by the county assessor, and obey all orders of said board." ˜It is admitted by appellant, for the purposes of this case, that the services of the sheriff in attending the board of review were similar services to those performed in attending court, and that if such services were such as the sheriff is required to perform, he would be entitled to compensation therefor at $2 for each day's actual attendance. But appellant contends that the sheriff is not required to attend the sessions of the board of review. This, however, as it seems to us, depends upon circumstances. Certainly, the sheriff is not required so to attend unless he is ordered so to do. Appellant admits, since the complaint does not negative the fact, that the board

did order appellee to attend its sessions and that he attended in obedience to its order. Appellant says, however, that this was not a service required by law but a service required by the board of review. But the board of review was given authority to make orders, and the sheriff was required to obey the orders, and the one here involved was to attend the sessions of the board of review. Such services being similar to the services performed for the courts, we hold that the sheriff was entitled to compensation therefor. We hold the demurrer to the complaint was properly sustained.

Judgment affirmed.