STATE EX REL. FOUST, ATTORNEY GENERAL OF
INDIANA *v.* MYERS ET AL.

[No. 17,739. Filed February 1, 1949.]

2

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin,* First Deputy Attorney General, and *George W. Hadley,* Deputy Attorney General, for appellant.

*Hastings, Allen & Hastings;* and *J. Lloyd Fitzpatrick,* all of Washington, for appellees.

CRUMPACKER, C. J.—At the time this litigation was instituted the appellee Roscoe. T. Myers was clerk of the Daviess Circuit Court and the appellee United States Fidelity and Guaranty Company was surety on his official bond. The State Board of Accounts, in discharge of its routine business, made an audit of Myers' books and concluded that he had collected and retained for his personal use certain fees, aggregating $732, which legally belong to Daviess County. Reports to such effect were filed with the Department of Inspection and Supervision of Public Offices and, upon Myers' failure to make restitution, said reports were duly certified to the Attorney General who thereupon brought this action. Its purpose, as stipulated by the parties, is to recover said funds from Myers and his bondsman for the benefit and use of Daviess County. There was a trial to the Pike Circuit Court, a general finding for the appellees and judgment accordingly. This appeal challenges said judgment as being contrary to law.

There is no conflict in the evidence and it is admitted that the appellee Myers, while clerk of the Daviess Circuit Court and acting as such, collected and retained

as his own property the following fees: (1) $620 paid to him at the rate of $5 per case for services rendered in the commitment and admission of patients to the Robert W. Long and William H. Coleman hospitals at the Indiana University Medical Center in Indianapolis; (2) $40 paid to him at the rate of $5 per case for services rendered in connection with the commitment of eight patients to state hospitals for the insane, each of whom was either rejected by the hospital for lack of room or died before being accepted and hospitalized; and (3) $118 paid to him at the rate of $2 per case for attending court in suits before the Daviess Circuit Court on change of venue, in instances where more than one of such cases were heard by the court on a single day.

At the outset we think it should be understood that these proceedings do not involve bad faith or malfeasance on the part of appellee Myers. He retained the fees involved in the honest and sincere belief that the law gave him the right to do so and with equal sincerety he has stated his position to us and asked for its judicial sanction.

In 1933 the legislature enacted a general law pertaining to the compensation of county officers and their deputies, § 4 of which (§ 49-1004, Burns' 1933) fixes the salary of the clerk of the Daviess Circuit Court. Sec. 5 of the act (§ 49-1005, Burns' 1933) provides as follows: "The compensation provided in the foregoing section shall be in lieu of all salaries, fees, and per diem now provided by statute for the officials therein designated, their deputies and other assistants in the several counties of the state of Indiana, except as herein otherwise provided. All fees and remuneration of whatsoever kind or character, for official services or involving official authority, now provided by statute or otherwise, shall be charged and collected by such

officers and shall be the property of the county . . ."
In dealing with fees collected by clerks of circuit
courts in particular, the general policy of requiring
county officers to perform their official duties for the
salary compensation provided by said act is carried
forward in § 7 thereof as amended by § 1, ch. 39 of
the Acts of 1937 (§ 49-1007, Burns' 1933, 1947
Supp.) and is announced in this manner: "The salary
herein provided for clerks of the circuit courts shall
be in full for all services as clerks of the circuit courts
. . . except as herein otherwise provided. All fees now
provided by statute to be charged by the clerk of the
circuit court for services in any matter shall be charged
and collected as now provided by law and all receipts
for services connected with the office, whether by fee
fixed by statute or otherwise, shall be the property of
the county, except as otherwise herein provided."

The exceptions contained in the statute are as fol-
lows: (1) mileage fees for receiving state election
ballots as provided by § 49-1302, Burns' 1933; (2)
a fee of $5 in each case for the performance of all
duties required in connection with the admission of
persons into and discharged from any hospital for the
insane, the Fort Wayne school, the Muscatatuck colony,
the Indianapolis village for epileptics and the James
Whitcomb Riley hospital for children; (3) fees in con-
nection with the issuance of fish and game licenses;
(4) fees provided by federal law in connection with
naturalization matters; (5) fees for preparing tran-
scripts in cases taken from the county by change of
venue proceedings; and (6) fees taxed in connection
with cases coming into the county upon change of
venue.

This is all the statutory law there is pertaining to
the compensation to which circuit court clerks are

entitled for the performance of their official duties and it will be noted that in the specific enumeration of fees such clerks are permitted to keep, over and above their salaries, no mention is made of services performed in connection with the admission of patients to the Robert W. Long and William H. Coleman hospitals. Nevertheless the appellees contend that the legislature, by providing that fees for services rendered in connection with the commitment or discharge of patients in the specifically named state institutions should be the personal property of the clerk, established a policy whereby said clerk is entitled to retain fees for like services performed in similar proceedings pertaining to other state institutions. To effectuate such policy it is urged that we should read the Long and Coleman hospitals into the statute by implication. We have been referred to no authority announcing any such principle of of statutory construction and we have been unable to find any. The adoption of the course urged by the appellees, in our opinion, would constitute judicial legislation of the most obvious character.

It is well settled law in this state that a public officer is entitled to only such compensation for the performance of his official duties as is allowed to him by statute. *Legler* v. *Paine et al. Board of Com'rs. of Vanderburgh County* (1897), 147 Ind. 181, 45 N. E. 604; *Board, etc.,* v. *Lewis* (1924), 81 Ind. App. 601, 144 N. E. 623; *Applegate, County Auditor* v. *State ex rel. Pettijohn* (1933), 205 Ind. 122, 185 N. E. 911. He takes and holds office *cum onere* and undertakes to perform the duties thereof for such compensation as pertinent statutes provide, even though those duties be increased during his term of office. *Board, etc.,* v. *Buchanan* (1898), 21 Ind. App. 178, 51 N. E. 939.

In 1939 the legislature passed an act for the hospitalization of indigent persons in hospitals operated by the trustees of Indiana University which, it is conceded, includes the Robert W. Long and William H. Coleman institutions. This act in part provides: "The judge (of any circuit, superior, criminal, probate or juvenile court) shall cause the clerk of the court to make his application for admission of such person to the hospital on a form to be furnished by the hospital . . . All the costs of such proceeding, including compensation to such examining physician, and also including the necessary expense of the trip to and from the hospital, if the same shall be found to be a proper charge by the judge shall be paid on order of the judge by the county from which the commitment is made." Acts 1939, ch. 6, § 2, p. 9. Although now superseded by subsequent legislation, this statute was in force and effect when the fees in this phase of the present controversy accrued and it is this statute upon which the appellee Myers relies as justification for his retention of said fees. He says that he performed the services required of him by this statute and for such services he taxed, as part of the costs, the sum of $5 per case and that in each instance said fee was allowed by the judge of the Daviess Circuit Court and ordered paid by the county.

We can find no legal justification for such a construction of the statute. Its purpose is to provide medical care and hospitalization for indigent persons and we see no intimation in its terms or its title that the legislature thereby intended to increase the compensation of clerks for the performance of their official duties. It is true that certain charges for the services of the clerk are taxed as part of the court costs in connection with most litigation and that was done in the matters here considered. It

8

is also true that the statute under scrutiny provides that all costs, if found to be a proper charge by the judge, shall be paid by the county involved. But such costs, never having been specifically designated by statute as the personal property of the clerk, belong to the county and thus, in final analysis, the effect of the statute is to remit the court costs proper and to require the county to pay for the services of others who are under no official duty to render the same. As the appellee Myers was not entitled, under the law, to the fees in question, their allowance by the Daviess Circuit Court was void. *The Board of Commissioners of Brown County* v. *Sommerfield* (1871), 36 Ind. 543, 547.

As heretofore stated the law allows clerks a fee of $5 per case "for all duties required in connection with the admission of persons into and discharged from any hospital for the insane." In this regard the appellant contends that the fees for which this suit was instituted are those collected and retained by appellee Myers in cases of patients who, although committed by the court, were never admitted to the institutions involved. In other words it is contended that the fee so allowed to the clerk is contingent upon the actual admission of the patient to the hospital or his actual discharge therefrom. This appeals to us as being an extremely narrow and literal construction of the statute and one that has little support in reason or logic. The stipulation of the parties clearly indicates that, in each case involved, the patient had been legally committed to a hospital for the insane and that the appellee Myers, as clerk of the court issuing the commitment, had performed all duties required of him up to and including said commitment and had filed a transcript of all proceedings with said hospital. The patients involved were never

actually admitted either because the hospital had no room for them or because they died prior to admission. These facts in no way lessened the statutory duties of the appellee. He fully performed such duties and we think it was the clear intention of the legislature that he should be paid for so doing. The purpose of the proceedings in each instance was to procure the admission of an insane patient to a hospital and the appellee's services were performed *in connection* therewith. We are of the opinion that he is entitled to retain the fees so collected.

The final question before us concerns the right of the appellee Myers to charge and keep more than one per diem fee on days during which the court heard more than one case coming into Daviess County on change of venue. We dispose of the question with this comment. As stipulated by the parties this action is prosecuted to recover funds alleged to belong to said county. The costs taxed in change of venue matters are charged to and paid by the county in which the action or proceeding originates. Daviess County has not suffered or lost anything by reason of the alleged double per diem fees collected and retained by the appellee Myers and is not entitled to recover outlays for which it has been reimbursed. *Hart et al.* v. *State ex rel. Emmert* (1948), 118 Ind. App. 519, 81 N. E. 2d 696, 698. In this respect the judgment involved must be affirmed.

The judgment of the Pike Circuit Court is reversed as to all fees collected and retained by the appellee Myers in connection with the admission of patients to the Robert W. Long and the William H. Coleman hospitals and is affirmed in all other respects. As the facts are wholly undisputed and the question for the trial court must necessarily be one of law only, we see no need or purpose of a new trial on

the Long and Coleman issue. That portion of the case is therefore remanded with instructions to enter judgment for the appellant in accordance with the views expressed in this opinion.

Martin, J., believes the judgment involved should be reversed in all particulars and therefore concurs in part and dissents in part.

NOTE.—Reported in 83 N. E. 2d 799.